The Chief Justice
delivered the opinion of the court.
The only question in tins case is, whether the contract which is the subject of the suit in the court below, is usurious or not?
The case, when stript of the coloring attempted to be given to it by the parties, is, in substance, this :—
The appellee being desirous of borrowing $300, on the 7th of October, 1815, applied to the appellant for the loan of the money, and to secure the repayment of it, offered in pledge a slave worth at least5 as appears from the evidence, $350. The appellant refused to lend the money upon the’ terms offered by the appellee, but agreed to give to the ap-pellee $147 for the slave, amito lend him $153 for two weeks, for which the appellee gave his note, and at the same time the appellant executed to the appellee an instrument of writing, stipulating, if the appellee should, within two weeks, execute to the appellant a note, with a certain person security, for the sum of $453, payable 1 st of March, 1817, that then the appellant would re-convey to him the slave, and give up his note for the $153 lent. But the appellee failed to execute the note for the $453, with the security mentioned, in the two weeks, and has brought this suit to set aside the contract, on the ground that it is usurious.
ITT- i i i i • We do not aeem it material to enquire, whether the contract was in its nature a contract or pledge of the as is contended by the appellee, or a conditional sale, subject to the right of the appellee to repurchase upon the terms stipulated, as is urged on the part of the appellant? For assuming it to be the latter, we should, nevertheless, be opinion that the contract was usurious.
Itis not only inferable from the transaction itself, that the slave was parted with by the appellee at an undervalue in consideration of the loan of the $153, but the proof in tile cause unequivocally establishes the fact, that the áppellee would not have made the sale of the slave, only upon the condition of getting the loan. It is plain, then, that the appellant must have received, as a premium for the loan of $153 for two weeks, the difference between $147, the price which he gave, for the slave, and $350, the *66 value of the slave. This is clearly and grossly usurious* and the court below having so treated it, their decree is correct, and must be aihrmed with cost and damages.
Pope for appellant, Bibb for appellee.