Judge Owsley
delivered the opinion.
This case was formerly before this court, and tire opinion then given, is contained in 1 Marshall, Rep. 88.
It appears that in December, 1785, there issued from the commonwealth of Virginia to Duncan Rose, a patent for the land now in contest; that, in January, 1785, Duncan Rose made and published his last will and testament, and, among other things therein mentioned, authorised his executors to sell the land in contest; that said Rose having departed this life, his will was regularly proven and admitted to record in the proper county in Virginia at the December term 1785, and the executors named in the will, took upon themselves the execution thereof by their executing bond with security as the law required; but the executors never caused the will to be recorded in any county in this country, and having also departed this life, the county court of Shelby, where the land in contest lies, at its December term 1815, granted administration with the will annexed, to James Bristow, and that Bristow, as ad *310 ministrator, thereafter sold the land lo the plaintiff. Jackson, who thereupon brought, this ejectment to recover the possession of the land, asserting tiie better right through tlie sale and conveyance ol Bristow, and under the patent of Rose.
A will made and rerorued in Y'.r^'mia, dir cti’-g the e\’»rs lo sell lands in Kentucky, hut liever recoi d-ed in Kentucky, jet the county court where the lands he, on the death ot the ex’ors, niay grant letters testamentary with the wül an-ees d before recording the wll Such act is ce tain ly an irregular ex-rcise of jurisdiction, but will not avo d he letters until reversed.
When the cause was former!v before this cout, it was decided, that the executors named in the wiil could riot, afur the separation of this state from Virginia, have executed the will in relation to the land in contest, without first obtaining letters testamentary from I tie proper court in this country, and as they failed to do so, the county court of Shelby, alter their death, possessed the power to grant administration with the will annexed, and that Jackson, under the conveyance of the administrator, acquired title to the land in contest.
But after the cause returned to rhe circuit court, it being perceived that ttie opinion of this court was predicated on the supposition that the will of Duncan R"se had been admitted to record in the county court of Shelby before administration was grafted lo Bristow, and discovering that the Will, in fact, had not been so admitted to record, and supposing the county court of tihelby possessed no power, until the will was there recorded, to grant administration with the will annexed, instructed the jury, that the grant of administration to Biisiow was void.
'The correctness ol that instruction, is now presented for the consideration and decision of thiscouit.
That the county court of Sneiby possessed competent jurisdiction, either to grant letters testamentary to the executors named in the will, or upon their death or refusal to act, to gran! administration to others with the will annexed, was decided by this court, when this cause was formerly here; ami that decision we still think correct.
B is true, the decision ihen made, was hypothecated upon the supposition that the will of Duncan Rose had been admitted to record in the county court of Shelby before administration was granted; whereas it now appears the will was nrit recorded in that comí; but we apprehend, it is not the admission of the will to record, that confers upon the court jurisdiction to grant administration It would certainly have been more strictly iu conformity to the provisions of the act of this country in relation to that subject, for the cuurl not to have granted administration until the. copy of Rose’s will had been admitted lo record; ¡but as *311 Rose never lived in this country, and had no persona! property here, the county court of Shelby, where the land in contest lies, under the law conferring upon county courts jurisdiction in testamentary matters, derived competent authority, as well to admit the copy of the will to record, as to grant administration theieon with the will annexed. In granting the administration before the copy was recorded, therefore, the county court cannot be said to have exceeded its jurisdiction; at most, it was hut an irregular exercise of jurisdiction, and such an irregularity can never render the grant of administration absolutely void. For such an irregularity, the grant of administration may be avoided, but whilst it continues,unreversed, it confers on the administrator competent autbority to administer the decedent’s estate.
Hardin for appellaut, Pope for appellee.
It results, that the court below erred in its instructions to the jury, and the judgment must, consequently , be reversed with cost, the cause remanded, and further pro-«eedinas had, not inconsistent with this opinion.