Judge Underwood
delivered the Opinion of the Court.
A nonsuit was suffered ; and thereupon the circuit court rendered judgment against the,plaintiff, in favor of the defendants, for seven dollars and fifty cents, instead of one hundred and fifty pounds of tobacco, and ’the costs of suit. The only question is, whether the judgment for the seven dollars and fifty cents be correct or not.
The twenty second section of the act of 1795, entitled an act to establish district courts, provides, that the plaintiff, if he be nonsuited, shall pay the defendant, forty five shillings, equal to seven dollars and fifty cepts. *424 The twentieth section of an act approved December 19th, 1790, entitled “an act to reduce into one theseveral acts for preventing vexatious suits, and regulating proceedings in civil ca«es,” provides, that the plaintiff, if he fail to prosecute his suit, “shall be nonsuited, and pay to the defendant, or tenant, (besides costs,) one hundred and fifty pounds of tobacco, &c.” We are of opinion, that the latter act virtually repeals the former, and constitutes the only rule of practice in cases like this. -If both acts are in force, then a defendant, where the plaintiff is nonsuited,-is entitled to have both the seven dollars and fifty cents, under the first, and the one hundred and fifty pounds of tobacco, under the second ; for there is no provisioji which limits the defen" dant to the monev alone, or tobacco, without the money,- as the defendant may elect. The twentieth section of the act of 1796, substituted one hundred and fifty pounds of tobacco for the seven dollars and fiftv cpnts, given by the twenty second section of-the act of 1796, and since the change, the tobacco alone is recoverable upon a nonsuit.
The limited extent of a county, — of which the court takes notice,— repels a presumption that an allowance was made, by the court below, to a party, summoned within it, for travel.
It is suggested that the judgment is right, because the court may have made an additional allowance to the. defendants, in consequence of their residence being more than twenty live miles from the court house. The service of the process on the defendants in Fayette, where the judgment was rendered, negatives the truth of the position assumed.
Judgment reversed, with costs, and cause remanded with directions to enter judgment in conformity with this opinion.