JUDGE PETERS
delivered the opinion oe the court.
In 1848 James Prather died testate, at his residence in Garrard County, having devised his real estate to his surviving widow for life, directing it to be sold by his executor at her death to the highest bidder at public auction. It seems that the widow survived her husband a number of years; and Taylor, the executor nominated in the will, and who qualified, *168 died before having sold the land, and administration de bonis non oum testamento annexo was granted to James T. Tate by the proper court, who in 1868 sold the land left by the testator, his widow having died; and the appellant, Ashley Gulley, became the purchaser, paid one half the price down, and for the other half executed his note with surety, due October 15, 1869. Of that note he paid $470.52, and having fears that the appellee was not invested with power to make him a good title declined to pay the residue of the purchase-money, and the administrator then brought this action to coerce payment. The answer controverts the authority of appellee to make the title, calls on him for an exhibition of his derivation of title, and alleges a deficiency of an acre or two in the tract.
In his reply appellee asserts his power to make a good deed, tenders one acknowledged and stamped, claims title by an adverse and continuous possession of more than thirty years, and admits the true deficiency in the quantity. From the agreed facts in the case the title is indisputable, so that the only question is as to the power ,of the administrator with the will annexed to pass it to the purchaser.
The court below adjudged that appellant should accept the deed tendered and pay the money, after making the proper abatement for the deficiency in the quantity; and in that judgment we concur.
This state of case is provided for by section 13, chapter 37, 1 Revised Statutes, p. 500, which reads as follows: “ An administrator with the will annexed shall possess and exercise all power and authority, and shall have the same rights and interest, and be responsible in like manner, as the executors therein named, or any of them.” Under the ninth section of the same chapter this court held, in Smith v. Haywood, Ms. Opinion, Winter Term, 1869, that the administrator with the will annexed could sell and convey real estate, even where discretionary power was conferred by the will on the nominated *169 executor to sell or not. The case is stronger where there is no discretion; but the terms of the will are mandatory, requiring a sale.
Wherefore the judgment is affirmed.