CASE 34—PETITION EQUITY—MARCH 9.

8bu 601
f134 641

## Shields, &c. v. Smith, &c.

ᐧ APPEAL FROM SPENCER CIRCUIT COURT.

*Did the administrator with the will annexed sell the lands in this case as administrator, or as the agent of the widow and heirs or devisees?*

An administrator with the will annexed sold lands devised to the executor, in his discretion to be divided among the heirs, or to be sold and proceeds so divided, and the widow and heirs conveyed the land so sold, and the administrator received and accounted for the purchase-money in his settlement with the county court. In a suit by the devisees against the administrator and his sureties to recover the amount ascertained to be in his hands by the county-court settlement, the sureties defended on the alleged grounds that the administrator had no authority under the will to sell the land, and that in selling the land and receiving the purchase-money he acted as the agent of the widow and heirs of the decedent, and therefore held the money so received as their agent, and not as administrator. *Held,*

A surviving executor or administrator with the will annexed may exercise the powers conferred on the executor or executors by the will, notwithstanding a special trust was reposed by the testator in the particular person or persons named as his executors. (Smith v. Haywood, &c., Ms. Opinion, February, 1869; secs. 9, 13, art. 1, chap. 37, Revised Statutes, 1 Stanton, 499, 500.)

The sureties of the administrator with the will annexed can not be held liable for funds which he received not as administrator, but as agent for the widow and heirs, though he has charged himself with such funds as administrator.

If the lands of the testator were sold by the administrator as agent for the widow and heirs, and not as administrator, the proceeds of such sale are not assets in the hands of the administrator for which his sureties are responsible.

BULLOCK & DAVIS,
E. E. McKAY, . . } . . . . . . . . . For Appellants,

CITED

1 Duvall, 222, Williams v. Williams.
5 Bush, 606, Cromie's will.
6 Bush, 512, Hunter v. Jewell.
1 Littell, 93.
7 Dana, 1–12, Clay v. Hart, &c.
Revised Statutes, sec. 14, 1 Stanton, 515.

C. M. HARWOOD,
THOS. J. BARKER, } . . . . . . . . For Appellees,
—— MIDDLETON,

CITED

Revised Statutes, secs. 5, 9, 13, chap. 37.
Ms. Opinion, 1869, Smith v. Haywood.
Civil Code, section 520.
1 Metcalfe, 516, Wood v. Wood.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

Levi Smith died in 1866, leaving a will by which he devised most of his estate, consisting in part of several tracts of land, to his wife, Harriet Smith, for her own use during her widowhood; and he directed a division of his estate among his children at the death of his wife, to be made by his executors either by a division of the property in kind or a sale of the property and a division of the proceeds, in the discretion of the executors. The widow renounced the provisions of the will; and the executors refusing to qualify, Jonathan Davis was appointed and qualified as administrator with the will annexed of said decedent, and with the written consent and authority of the widow and devisees sold the land as well as the personalty, and collected the proceeds; but the conveyances of the land were made alone by the widow and children of the testator.

After paying the debts and distributing the greater part of the estate in his hands, Davis was removed as administrator, and required to make a settlement of his accounts as such;

and he did so, charging himself with the proceeds of the land, together with the personal estate, and upon that settlement a balance was found to be in the hands of Davis of $3,742.44, to recover which this suit was brought against him and his sureties on his bond as administrator with the will annexed.

By a demurrer to the petition, which was overruled by the court, as well as by the answer of the sureties, the question was presented for the decision of the court, whether, in view of the personal trust and confidence reposed by the testator in the persons named as his executors, as manifested by the language of the will, Davis, as administrator with the will annexed, had any authority either to sell or convey the land or receive its proceeds, so as to render his sureties liable therefor; as legal assets of the estate. And, however this question of construction might be determined, the sureties in their defense also resisted the recovery sought against them for the alleged reason that Davis did not in fact sell the land in the exercise of any authority to do so conferred by the will; but in making the sales of the land, and receiving the money arising therefrom, he acted simply as the agent of the widow and devisees of the testator, they ratifying his acts by conveying the land to the purchasers.

A trial of the case by a jury, under instructions of the court, resulted in a verdict and judgment against the sureties, who have appealed to this court for a reversal of that judgment.

Respecting the power of Davis to sell the real estate, we do not doubt that the testator, by the language used by him in directing the sales to be made by the executors named in the will, so clearly manifested a personal confidence in their judgment and discretion that, under the law as it existed before the adoption of the Revised Statutes, the authority so conferred could not have been exercised by any one else. But the inquiry arises, whether the former statutes governing this

subject have not been so materially changed in the revision of them that, notwithstanding the special trust reposed by the testator in the particular person or persons named as his executors, that now a surviving executor or administrator with the will annexed may exercise the powers conferred on the executor by the will.

This question does not, we believe, appear to have been decided in any published opinion of this court; but it was expressly determined by a manuscript decision rendered in February, 1869, affirming the opinion and judgment of the Louisville Chancery Court in the case of Smith v. Haywood, &c. In that opinion the learned chancellor, referring to the same question we have now under consideration, said:

"The important question is, what is now the law under the Revised Statutes? Section 9, chapter 37, enacts: 'The executors, or such of them as shall undertake the execution of the will, or if all or more than one undertake and part die or vacate the office, the residue or survivor may sell the land which the will directs or devises to the executor or to another person to be sold, or gives a discretionary power to sell, if no other person be thereby appointed for that purpose, or if the person so appointed shall refuse to perform the trust, or die before he shall have completed it.' It is clear from this section that the executors who have qualified and survive, whether they be one or more, have power to sell any real estate of the testator, whether it be directed or devised to be sold, or if only a discretionary power to sell was conferred by the will."

"Section 13 of same chapter enacts: 'An administrator with the will annexed shall possess and execute *all* the *power* and *authority*, and shall have the same right and interest, and be responsible in like manner to the executors therein named, or any of them.' This section does not mean that an administrator with the will annexed shall have such power and

authority as was conferred on such officers by the acts of 1810 (M. & B. 671) and of 1797 (M. & B. 666); but such power and authority as is conferred upon executors by section 9, chapter 37, Revised Statutes. By this section such an administrator can exercise any power or authority that any executor now can to sell land where the will or words conferred the power on him and other executors, to be exercised at their discretion."

But admitting the power of Davis under the will to sell the real estate, and that the widow of the testator may, by her renunciation of the will and participation in the sales, have terminated her life-estate, so that the ulterior devisees were entitled to an immediate sale of the lands, the essential inquiry is whether the court in instructing the jury fully and correctly expounded the law applicable to the question whether the agency or participation of Davis in the sale of the lands, and his receipt of their proceeds, constituted such an exercise of his authority under the will as to render the sureties in his land liable for the money arising from the sales which came to his hands.

At the instance of the plaintiff the court instructed the jury, in effect, to find for the plaintiffs if they believed from the evidence that Davis acted as administrator in selling the land, and "received the proceeds of the sale of the land as such by color of his office." And the court further instructed the jury, *sua sponte*, that "if Davis did not sell the land as administrator with the will annexed, but sold it merely as the agent of the widow and heirs, and received the money merely as their agent and not as administrator, he did not receive the money by color of his office of administrator, and they should find for the defendant as to the proceeds of the sales of the land."

These instructions were duly excepted to by the defendants, and the defendants asked the following instructions, which were refused; and this, as well as the action of the court in

giving the two instructions just recited, is now complained of as a ground of reversal.

"That the defendants, as sureties of the administrator Davis, can not be made liable for funds which Davis received not as administrator, but as agent for the widow and heirs, though he has charged himself with them in his settlement as administrator.

"That the defendants, as sureties of Davis, are only bound for a faithful administration of the assets—that is, the goods, chattels, and credits of the testator Smith, and for the payment and distribution of all legacies; and that if the lands of said testator were sold by Davis as agent for the widow and heirs, and not as administrator, the proceeds of such sale are not assets in the hands of the administrator for which the defendants are responsible as sureties; and if the jury find from the evidence that Davis has duly and legally paid and distributed to and among the widow and heirs of the testator and others an amount of money exceeding the legal assets in his hands, they should find for the defendant."

We perceive no valid objection to these instructions, and they should in our opinion have been given. Moreover, the two instructions which were given seem to us misleading, and liable to objection in making the question of liability on the bond depend rather on the apparent manner in which Davis may have acted in effecting the sales and receiving the money than upon all the evidence bearing on the question whether or not he did in fact sell the lands and collect their proceeds in the exercise of the power and authority conferred by the will.

Wherefore the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.