CASE 15—PETITION EQUITY—JANUARY 8.

# Marrett v. Babb's Ex'r.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. AN EXECUTOR HAS THE POWER TO SELL THE LAND OF THE TESTATOR
   where the will directs the sale and a distribution of the proceeds,
   either among creditors or legatees, although the will does not say by
   whom the sale shall be made. As the proceeds must pass through
   the hands of the executor, the power to make the sale is vested in
   him by implication.

2. THE QUALIFICATION OF AN EXECUTOR IN ANOTHER STATE does not
   authorize him to administer the assets here, or to sue in the courts of
   this State. He may, by giving bond in this State, as provided by
   section 43, article 2, chapter 39, General Statutes, sue in this State to
   recover a debt due the testator; but if he desires to sue for any other
   purpose, he must take out letters testamentary from the proper court
   in this State.

F. HAGAN FOR APPELLANT.

1. To enable executors to sell land the power must either be expressly
   given to them, or necessarily implied from the avails having to pass
   through their hands in the execution of their office, as in the payment
   of debts or legacies. (2 Redfield, 124; 1 Williams, 550; Schouler on
   Executors, p. 509.)

2. The intention of the testator as expressed in his will is to govern. (1
   Redfield, 433.)

3. A foreign executor has no power to sell lands of his testator in Ken-
   tucky until he has qualified under the laws of Kentucky. (Ruther-
   ford's Heirs v. Clark's Heirs, 4 Bush, 27; Jackson v. Jeffries, 3 Mar.,
   309; 11 B. M., 78.)

DODD & DODD FOR APPELLEE.

Where a testator directs his estate to be disposed of for certain purposes,
   without declaring by whom the sale shall be made, if the proceeds be
   distributable by the executor he has the power of sale by implication.
   (1 Williams on Executors, pp. 726, et seq.; Lockhart v. Northington, 1
   Sneed, 318; Livingston v. Murray, 39 How. Pr. (N. Y.), 102; Tainter
   v. Clark, 13 Met., 220; Lippincott v. Lippincott, 4 Green, ch. 121;
   Jones' Appeal, 5 Grat., 19; Walker v. Murphy, 34 Ala., 591; Colston
   v. Chaudet, 4 Bush, 674; Ducker v. Stubblefield, 9 B. Mon., 578;
   Rutherford v. Clark, 4 Bush, 32; Gulley v. Prather, 7 Bush, 168;

Shields v. Smith, 8 Bush, 605; Banks v. Johnson, 4 J. J. Mar., 651;
Moore v. Ridgway, 1 B. M., 235; Jennings v. Monks, 4 Met., 103;
Wells v. Lewis, 4 Met., 269; Gen. Stats., chap. 39, art. 1, sec. 9.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

William Babb died testate in August, 1889. His
will was probated, and his executor, E. R. Moore,
who is styled "administrator" in the will, qualified
in the proper court in the State of Massachusetts,
where the testator resided at the time of his death.
This action was brought to compel the specific exe-
cution of a contract of sale made by the executor of
a lot of about three and a half acres of land in Jef-
ferson county, Kentucky, the will having been first
proven and admitted to record in the proper court
of that county as a valid one in this State of both
real and personal property.

The demurrer to the petition by the appellant, A.
H. Marrett, who was the purchaser, having been over-
ruled, and he declining to plead further, a judgment
was rendered enforcing the contract. It is now con-
tended, first, that the executor had no power under
the will to make the sale, and this is the principal
question; second, that if he had, yet he has no power
to sue, because, so far as the record shows, he has
never qualified as executor in this State.

The will provides : "Should I die before I am able
to sell out my property and settle my debts, I do
appoint my good, kind brother-in-law, E. F. Moore,
as my administrator, * * and would also ask my
dear friend, Mr. Henry Farnum, to assist him in sell-
ing my place all he can. * * * I wish my Oak-
land farm and land opposite sold with such personal

property as may be necessary to pay all my debts, which are as follows. * * * My three and one-half acres out of Louisville is now rented to George Thompson & Co. for twenty dollars per year. If I have sufficient property to pay all my debts without selling that, I would advise to hold it a few years, when sold to be equally divided between my nieces and nephews and Minnie's two dear boys, Robbie and Eddie Morrison. * '* * I would advise you to get my dear friend, H. W. Barrett, to act as agent in disposing of the land in Kentucky."

The petition shows that the Oakland place, which is in Massachusetts, has been sold, and that after exhausting all the property, other than that in contest, the estate is still largely in debt.

Upon the death of the owner his real estate at once passes to his heirs or devisees in the absence of testamentary counter-direction from him. The personal representative, whether he be administrator or executor, has no inherent authority over or title to it by virtue of his appointment merely. In case he be executor, such power or right does not exist, unless it be conferred by the will. To enable him to sell it, the power must either be expressly given or arise by implication. If the avails are to pass through his hands in the execution of his office, as for the payment of debts or legacies, then the power to sell will be implied. If the will directs a sale, but does not name the donee of the power, and the proceeds must, either by its provisions or by the rules of law, be distributed by the executor, then he, by necessary implication, is invested with the power of sale, unless some other

intention upon the part of the testator be shown by his will. If this were not so, the executor could not execute his trust. The payment of debts and legacies is one of the functions of his office, and, therefore, if the will directs a sale of the real estate, either for the payment of debts or the payment of the proceeds to legatees, as the proceeds must pass through the hands of the executor, he is, by implication, vested with the power to sell, although not named as the donee of the power. If the management of the fund so to arise be confided to him, either by the will or by law, then he has the power of sale. Section 9, article 1, chapter 39, of our General Statutes, recognizes, at least in part, this general rule by declaring: "The executors, or such of them as shall undertake the execution of the will, or if all or more than one undertake, and part die, or vacate the office, the residue or survivor may sell and convey the land which the will directs or devises to the executor or to another person to be sold, or gives a discretionary power to sell, if no other person be thereby appointed for that purpose, or if the person so appointed shall refuse to perform the trust, or die before he shall have completed it."

In this instance the will discloses a controlling purpose upon the part of the testator to constitute the land in contest, as well as all his other property, a trust fund for the payment of his debts. This was evidently the purpose uppermost in his mind. The will even sets forth minutely his indebtedness, which was considerable, and there can be no doubt, from all of its provisions, that he intended to confer upon his

executor the power to sell all his real estate. He does not expressly make him the donee of this power, but it vested in him by clear implication. The will says: "*If I have sufficient property to pay all my debts without selling that* (the land in contest), I would advise to hold it a few years, *and, when sold*, to be divided equally between my nieces and nephews and Minnie's two dear boys, Robbie and Eddie Morrison." He provides, first, that it is to be sold for the payment of debts, if necessary; and if not, yet it is to be sold, and the proceeds to be divided among certain parties; and he advises his executor, probably because he was a non-resident, to get his friend, H. W. Barrett, to act as agent in disposing of it. Agent for whom? Clearly for the executor.

The property is to be considered as of that species into which it is directed to be converted, and the fund thus to arise passes through the executor's hands by virtue of his office. An executor has the power to sell the land of the testator where the testator directs the sale, and a distribution of the proceeds among certain persons, although the will does not say by whom the sale is to be made. Such a disposition is regarded as a bequest of a fund distributable to the legatees by the executor, and he, therefore, by implication, takes the power to sell and convert the real estate into money without a decree of court. If the testator directs the sale for certain purposes, and the proceeds are, either by the terms of the will or the provisions of law, distributable by the executor, the power of sale vests in him by implication. (Rankin v. Rankin, 36 Ill., 293; same case, 87 Am. Dec., 205.)

It is said in Williams on Executors, volume 1, page 549 : "It sometimes happens that a testator directs his estate to be disposed of for certain purposes without declaring by whom the sale shall be made. In the absence of such a declaration, *if the proceeds be distributable by the executor*, he shall have the power by implication. Thus a power in a will to sell or mortgage without naming a donee will, if a contrary intention do not appear, vest in the executor, if the fund is to be distributable by him, either for the payment of debts or legacies."

In our opinion the executor clearly had the power in this instance to make the sale. There is, however, nothing in this record showing that he has ever qualified as executor in this State, or taken the steps required by our statute to enable him to even sue for debt. The petition does not so aver, nor is it so shown in any way. He appears only as a foreign executor. As such he has no power to sue here. His existence is not recognized. Section 43, article 2, chapter 39, of our General Statutes provides: "By giving bond, with surety resident of the county in which the action is brought, non-resident executors or administrators of persons who, at the time of their death, were non-residents of the Commonwealth, may prosecute actions for the recovery of debts due to such decedents."

Thus we see that a non-resident executor can not even sue to collect a debt of the testator, unless he first complies with this statutory provision, the conditions upon which he is allowed to do so being, as the law as originally enacted plainly shows, intended

for the protection of residents of this State. His qualification as executor in a sister State does not authorize him to administer the assets here, or act otherwise in our courts as such representative. (Jackson v. Jeffries, 1 Mar., 65; Jackson v. Jeffries, 3 Mar., 310; Rutherford's Heirs v. Clark's Heirs, 4 Bush, 27.) He must take out letters testamentary from the proper court in this State, or comply with the provisions of the statute *supra*, if merely the collection of a debt due the decedent is sought.

Upon this ground the judgment is reversed, with directions to sustain the demurrer to the petition, and for further proper proceedings.