CASE 81.—ACTION BY ELIJAH S. EVANS' ADMINISTRATOR WITH THE WILL ANNEXED, AGAINST EDWARD EVANS.—Sept. 30, 1909.

## Evans' Admr. v. Evans

Appeal from Nelson Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

Executors and Administrators—Administrators Cum Testamento Annexo.—Under Ky. St. 1909, Sec. 3891, providing that if there be no executor appointed by the will, or if the executor dies or fails to qualify, the court may grant administration with the will annexed, and section 3892 (section 3938), providing that such an administrator shall have the same power and authority "as the executors therein named," such an administrator appointed where no executor was named has such powers as an executor if named would have had; so that the will providing for sale of real estate for purpose of division, and not naming the donee of the power, such administrator is by necessary implication vested with the power.

J. SMITH BARLOW for appellants.

Evans' Admr. v. Evans.

### AUTHORITIES CITED.

Kentucky Statutes, Russell's Sections 3937 and 3938; Gullie v. Prather's Adm'r., 7th Bush, page 167; Marrett v. Babb's Ex'or., 91st Ky., page 90; Revised Statutes, Section 13, Chapter 37; Shields, &c. v. Smith, &c., 8th Bush, page 604; Ward v. Puttman, 85th S. W. page 181; Harding's Adm'r v. Weiseger, 109 S. W. 890; New York Revised Statutes, Sections 72, 22; Shannon's Code, Tenn. Sec. 3976; McElroy v. McElroy, 110 Tenn., page 138; Shaw v. Chambers, 48th Michigan, 355, 12 N. W. 486; Wayne v. Fout, 65th S. W. 371; Simms et al. v. Birdsong's Adm'r et al. 50th S. W. page 993.

NAT W. HALSTEAD for appellee.

### AUTHORITIES CITED.

Kentucky Statutes, Sections 3888, 3891 and 3892; Simms v. Birdsong's Adm'r, 21 Ky., page 75; Harding's Adm'r v. Weiseger, 109 S. W., page 89; Mobley v. Johnson's Ex'or, 78 Ky., page 275; Gullie v. Prather's Adm'r, 7 Bush, page 167; Marrett v. Babb's Ex'or, 91 Ky. page 90; Green v. Johnson, &c., 4 Bush, page 167; Woerner on American Law of Administration, Vol. 2, Sec. 339.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Elijah S. Evans died a resident of Nelson county on October 23, 1908, leaving a will which was duly probated in the Nelson County Court. The will is in these words:

"I, Elijah S. Evans, of the county of Nelson, State of Kentucky, being of sound mind and disposing memory do make and declare this to be my last will and testament.

"1. I want all my debts and funeral expenses paid.

"2. I give and devise to my sister Mary Bell Evans all of my real estate, the farm that I now live on as long as she lives, and after her death it is to be sold and divided equally between my brothers and sis-

ters or their heirs namely, Dr. J. B. Evans, Samuel P. Evans, James E. Evans, Augusta Shurley and the wife and children of W. H. Williams except the heirs of my sister Sallie Ann Gray, I give them one dollar each. My sister Rhoda E. Gray being in good cir-cumstances I wish her to have only one dollar.

"Now this is to take place of any former will I may have written. I declare I wish this will to be carried out according to my bequest."

No executor being named in the will, the court appointed S. P. Evans administrator with the will annexed. Mary Bell Evans, the sister named in the will, died a few days after the testator. The administrator, after her death, for the purpose of carrying out the will, sold the tract of land referred to in it to Edward Evans for $4,968, making him a deed and taking his notes with surety for the purchase money. The purchaser refused to pay the first note when it fell due upon the ground that he did not get title to the land by the deed. The administrator then brought this suit. The circuit court held the title good, and en-tered judgment in favor of the administrator as prayed. From this judgment the purchaser appeals.

The only question arising in the case is: Had the administrator the power to sell and convey the land? This turns upon the proper construction of the statute regulating the matter, which is as follows: "If there be no executors appointed by the will, or if all the executors therein named die, or refuse the executorship, or fail to give bond as required by law, which shall amount to such refusal, the court may grant administration, with the will annexed, to the person who would have been entitled to administration if there had been no will." "An adminis-

trator, with the will annexed shall possess and exer-
cise all power and authority, and shall have the same
rights and interest, and· be responsible in like man-
ner, as the executors therein named, or any of them.''
Sections 3891, 3892, Ky. St.

It will be observed that an administrator with the
will annexed may be appointed if there is no executor
named in the will, or if the executor or executors
named therein die or fail to qualify. It will also be
observed that an administrator with the will annexed
possesses and may exercise the same power and au-
thority ''as the executors therein named or any of
them.'' The will in contest named no executor, and
it is insisted that only such power is conferred upon
the administrator with the will annexed as the execu-
tor named in the will might exercise, and, if no exec-
tor is, named, he has no power over the real estate.
If this is the construction of the statute, then it does
not define the power of an administrator with the .
will annexed, where no executor is named in the will.
The statute authorizes the appointment of an admin-
istrator with the will annexed if no executor is named
in the will, or if the executor named dies or refuses
to qualify. The second section was intended to define
the power of the administrator with the will annexed,
when appointed under the first section in either con-
tingency named therein. To construe it otherwise
would be to say that, where the will names no execu-
tor, the power of the administrator with the will an-
nexed is not defined by the statute. The Legislature
had no such construction in mind. The second sec-
tion was intended to apply to all administrators with
the will annexed, and the meaning is that he shall
have the same power as he would have if named as
executor in the will. The rule is· ordinarily so ex-

pressed in the text-books.  See 18 Cyc. 1321; Schouler on Executors, Sec. 123.

It has often been held under the statute that the administrator with the will annexed may sell and convey the land which is ordered by the will to be sold for the purpose of division.  Gulley v. Prather, 7 Bush, 167, Shields v. Smith, 8 Bush, 601; Harding v. Weisiger (Ky.) 109 S. W. 890.

In Sims v. Birdsong, 50 S. W. 993, 21 Ky. Law Rep. 75, where as here the will did not name an executor, the court said:

"By the statute an administrator with the will annexed is given all the power and authority of an executor.  He can sell and convey land, collect debts, divide and distribute the property, and perform every duty necessary to carry out the provisions of the will."  Mobberly v. Johnson's Executor, 78 Ky. 274, is practically to the same effect.  The will here directs a sale of land, and a division of the proceeds equally among certain devisees.  The purpose of appointing an administrator with the will annexed is to vest in him the carrying out of the testator's will. In Marrett v. Babb's Executor, 91 Ky. 90, 15 S. W. 4, 12 R. 652, the court said: "Upon the death of the owner his real estate at once passes to his heirs or devisees in the absence of testamentary counter direction from him.  The personal representative, whether he be administrator or executor, has no inherent authority or title to it by virtue of his appointment merely.  In case he be executor such power or right does not exist, unless it be conferred by the will. To enable him to sell it, the power must either be expressly given or arise by implication.  If the avails are to pass through his hands in the execution of his

vol. 134—41

office, as for the payment of debts or legacies, then the power to sell will be implied. If the will directs a sale, but does not name the donee of the power, and the proceeds must, either by its provisions or by the rules of law, be distributed by the executor, then he, by necessary implication, is invested with the power of sale, unless some other intention upon the part of the testator be shown by his will." As the will here directs the sale and does not name the donee of the power, the person who is by law to execute the will, and who is given the same power as if named as executor, is by necessary implication invested with the power of sale.

Judgment affirmed.