## Dunevant v. Radford's Admr. et al.

(Decided October 27, 1910.)

### Appeal from Henry Circuit Court.

Administrator with Will Annexed—Power to Sell Real Estate.— Under Ky. St. section 3892, an administrator with the will annexed, has the same power and authority to sell real estate as that possessed by an executor named in the will.

TURNER & TURNER for appellant.

MOODY & BARBOUR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER— Affirming.

John Radford died testate, domiciled in Henry county, Kentucky. For the purposes of this case it may be stated that he devised a farm in Henry county to his wife for life, and at her death it was disposed of by the seventh provision of his will, which is as follows:

"7th: I will at the death of my wife, Laura Radford, that my estate be reduced to money and equally divided between all my nieces and nephews, except W. A. Bohannon, who shall have three hundred dollars more than the others."

Three of his neighbors and friends were appointed executors of his will. The wife, Laura Radford, is dead, as are also all of the named executors of the will. The appellees, A. M. Edwards and B. D. Spurgin, were duly and legally appointed administrators with the will annexed. They have, in order to carry out the provisions of item 7 of the will of the testator, sold the farm for the purpose of division among the devisees entitled to the proceeds. The purchaser is willing to take the farm, but, being in doubt as to whether appellees are duly authorized to make the sale, has refused to comply with the terms of purchase, and this suit was instituted for the purpose of specifically enforcing the contract of sale. The question is, whether the administrators with the will annexed are authorized to sell the property and convey a good title thereto.

Under the statute (section 3892, Ky. Stats.) the administrators with the will annexed have the same power and authority as that possessed by the executors named in the will. The very question we have here arose in Evans v. Evans, 121 S. W. 619, 134 Ky. 637 where it was held that the administrator with the will annexed had the implied power to sell real property after the extinguishment of the life estate for the purpose of dividing the proceeds among the devisees in accordance with the terms of the will. The opinion in that case is conclusive of this. (See also, McCullough v. Sanders, 5 Ky. Law. Rep. 517; Marratt v. Babb's Ex'rs, 91 Ky. 90; Smith, &c. v. Courtney's Ex'rs, 27 Ky. Law Rep. 643; Reynolds v. Boyd, 92 Ky. 251, and Rutherford's Heirs v. Clark, 4 Bush, 27.)

Judgment affirmed.