## J. M. Leonard, Jr. v. Hale's Admr., et al.

(Decided June 6, 1911.)

### Appeal from Mercer Circuit Court.

1. Administrator With Will Annexed—Powers—An administrator with the will annexed has all the powers of the executor named in the will.

2. Same—Codicil—Consideration of—Where a will appointed H. as executor and directed that he qualify immediately after the testator's death and carry out the provisions of the will, a codicil authorizing H. "heretofore appointed my executor" to sell all the real estate, is to be read in connection with the will, and the power of sale conferred upon H. must be exercised by him as executor and not personally.

W. W. STEPHENSON for appellant.

R. W. KEENON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

P. M. Hale died testate, a resident of Mercer County.
His will was duly admitted to probate. J. W. Hughes,
the executor named in the will, did not qualify, and W.
J. Poteet qualified as administrator with the will an-
nexed. As such he sold to J. M. Leonard, Jr., a tract of
land belonging to the testator, and tendered Leonard a
deed therefor, which he refused to accept on the ground
that the administrator with the will annexed had no
power to make a conveyance of the real estate. The cir-
cuit court held the deed good and entered a judgment re-
quiring Leonard to accept the deed. From this judg-
ment he appeals. The whole question turns on the
proper construction of the will and a codicil thereto,
which are in these words:

"I, P. M. Hale, of Mercer County, Kentucky, being
of sound mind and memory and knowing the uncertainty
of life and certainty of death, do make and publish this,
my last will and testament hereby revoking all others
by me made.

"First. I desire that my remains be given a decent
burial and that all my just debts and funeral expenses
be paid.

"Second. I desire that a nice and suitable monument
be erected to mark my last resting place which shall be
by the side of my father, in the Old Divine burying
ground.

"Third. After the payment of the above the balance
of my estate, both real and personal, I do hereby de-
vise and bequeath the same in the following manner, to-
wit:

"To Mrs. Maudie Noel, wife of Isaiah Noel, one-
third thereof. To Rosa Lee Trower, daughter of Han-
nah Lee Trower, one-third thereof, and to Alone Bell
Brown, daughter of Margaret Brown, the remaining
one-third thereof. And it is further my will that should
any one of the above-mentioned devisees die leaving no
children or heirs of their body, then her share to go to
and belong to the other devisees or their bodily heirs
in equal portions.

"Fourth. I hereby appoint John W. Hughes as executor of my will and direct that he qualify immediately after my death and carry out the provisions of this my will. In testimony whereof witness my hand this 21st day of November, 1903.          P. M. HALE.

"Witness—

"BEN C. ALLIN,

"R. W. KEENON.

"Harrodsburg, Ky., April 27, 1906.

"Codicil:—I hereby authorize John W. Hughes heretofore appointed my executor under my will of November 21st, 1903, to sell all of my real estate and make deeds thereof to the purchasers and divide the proceeds of the sale as directed in my will.

"Given under my hand this date above written.

"P. M. HALE.

"Witness—

"F. P. JAMES,

"BUSH W. ALLIN."

Sections 3891 and 3892, Kentucky Statutes, provide:

"If there be no executor appointed by the will, or if all the executors named therein die, or refuse the executorship, or fail to give bond as required by law, which shall amount to such refusal, the court may grant administration, with the will annexed, to the person who would have been entitled to administration if there had been no will." (Section 3891, Kentucky Statutes.)

"An administrator, with the will annexed, shall possess and exercise all power and authority, and shall have the same rights and interest, and be responsible in like manner, as the executors therein named, or any of them." (Section 3892, Kentucky Statutes.)

Under the statute as has been repeatedly held, the administrator with the will annexed has the same power to sell and convey land as the executor named in the will. (Gulley v. Prather, 7 Bush, 167; Shields v. Smith, 8 Bush, 601; Simms v. Birdsong, 21 R., 75; Harding v. Weisiger, 33 R., 170.)

It is insisted, however, that the will in this case confers the power of sale on John W. Hughes personally, and not as executor. We can not concur in this conclusion. The codicil is to be read as a part of the will, and

in connection with it. By the fourth clause of the will the testator appoints John W. Hughes as executor of his will and directs that he qualify immediately after his death, and carry out the provisions of his will. By section 3837, Kentucky Statutes, the executor could not act until he had given bond, the will not providing that bond should not be required. When the testator added to this provision the codicil authorizing John W. Hughes theretofore appointed executor under the will, to sell all of his real estate and make deeds thereof to the purchaser, and divide the proceeds of the sale as directed in the will, he manifestly intended that Hughes should do these things as executor, for otherwise the devisees would not be protected by his bond, and there is nothing in the will to indicate that the testator contemplated that Hughes was to have charge of the estate without bond. The words "heretofore appointed my executor under my will" are not matters of description;there was no need for the testator to add matter of description to Hughes' name. The purpose of adding the words was to show that Hughes was to do these things as executor. The power to sell the real estate and divide the proceeds is conferred on him as executor, and this being true, when he failed to qualify, these powers may be exercised by the administrator with the will annexed.

Judgment affirmed.