## Jarboe v. Griffith.

(Decided November 14, 1912.)

### Appeal from Daviess Circuit Court.

1. Executors and Administrators.—The administrator with the will annexed or de bonis non has the same power as the executor named in the will.

2. Executors and Administrators—Wills—Construction of.—Under a will directing land to be held by the executor in trust for the devisee, and to be conveyed by the executor to the devisee when in his judgment he deemed it proper to do so, the person named as executor held the land as trustee, as the duties imposed were outside of the duties required of an executor by law.

3. Executors and Administrators—Deeds—Estate Vested.—Under such a will a deed from the person named as executor who had qualified as administrator de bonis non and acted as trustee, vests the devisee with a perfect title.

FLOYD J. LASWELL for appellant.

SWEENEY, ELLIS & SWEENEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Clinton Griffith sold James Jarboe a lot in Owensboro, Kentucky for $300.00 and tendered him a deed which Jarboe refused to accept on the ground that Griffith's title was not good. Griffith thereupon instituted this suit against Jarboe. The circuit court held the title good and Jarboe appeals.

The title of Clinton Griffith is under the will of his father, D. M. Griffith, who died in 1893. By the will the testator directed his estate to be divided into seven parts. So much of the will as relates to the one-seventh devised to Clinton Griffith is as follows:

"The remaining one-seventh, I devise to my executor to manage and control for the benefit of my estate, giving him full discretion in its said management in personal trust and confidence, that he will or not in his discretion, use the income thereof towards the support and maintenance of my son, Clinton Griffith, and any wife or children he may have during his natural life."

"The said income is to be non-responsible for any debts or liabilities of any sort he or they may create, the use to be made thereof vesting exclusively with my said executor, strictly as matter of personal confidence reposed by me in him. And in further like trust and confidence, that my said executor will or will not in his discretion, at such times as my son's behavior may seem to warrant, pay or convey to my said son the whole or any portion of the principal and any accrued income in said share, which failing, and upon the death of my said son, I devise the said share to any children of him the said Clinton, and their heirs forever, to be paid to them as they severally arrive of age. But in the event · he leaves none, the same is to be equally divided between my other children, to be held by them as the other property willed to them, and their descendants *per stirpes.* This item of my will however is qualified by the following provision: I have made advancement to some of my children (a memoranda of which I will leave) and all are to be made equal to the one who may have received the largest amount, the shares herein given being increased or diminished in the division of my estate so as to bring about equality in this score.

"I nominate my son, J. T. Griffith, my executor, giving him power to convey any of my estate held individually or jointly, where bonds for title are outstanding, and power also to sell and convey any real estate I may own individually or in connection with others, with general or special warranty of title."

J. T. Griffith, the executor named in the will, failed to qualify: D. M. Griffith and H. C. Watkins were appointed administrators with the will annexed. They qualified and by a proceeding in the Daviess Circuit Court had the estate divided as directed by the will. The one-seventh falling to Clinton Griffith was in that proceeding conveyed to J. T. Griffith as trustee for Clinton Griffith under the will, and on January 4, 1912, J. T. Griffith conveyed the property to Clinton Griffith recit-

ing in the deed that in his discretion he deemed it proper to do so under the terms of the will. The administrators with the will annexed having resigned, J. T. Griffith was appointed administrator *de bonis non* of the estate of D. M. Griffith, deceased; and after this on June 11, 1912, as such administrator, he executed a deed to Clinton Griffith for the property reciting therein the terms of the will and showing that it was made pursuant to the direction of the will, he deeming it proper under existing conditions to make it. The question to be determined is whether these deeds vested in Clinton Griffith a perfect title to the property.

Our construction of the will is that the testator intended to confer upon J. T. Griffith, a personal trust and confidence authorizing him to convey to his son Clinton Griffith the whole or any part of the share falling to him at such time as his son's behavior in his judgment warranted it; and that the testator intended this conveyance when made to vest an absolute title in the son. It is not material that J. T. Griffith did not qualify as executor when the will was originally probated. When the administrators with the will annexed resigned, he qualified as administrator *de bonis non;* and as such had all the powers which he would have had if he had qualified originally as executor. (Evans v. Evans, 134 Ky., 637, Dunevant v. Redford, 140 Ky., 433.) In addition to this J. T. Griffith held the one-seventh interest set apart to Clinton Griffith as trustee for Clinton Griffith. While he is called executor in the will, in holding this one-seventh he was discharging a trust imposed upon him as trustee which was outside of and beyond the duties imposed by law upon an executor. (Warfield v. Brand, 13 Bush 77, Givens v. Flannery, 105 Ky., 453.) We therefore conclude that by the deeds in question Clinton Griffith was vested with a perfect title to the property.

Judgment affirmed.