### Hanna, et al. v. Prewitt, et al.

(Decided April 22, 1913.)

### Appeal from Scott Circuit Court.

1. Wills—Jurisdiction of Courts of Equity to ·Construe.—A real controversy between parties in interest as to the proper construction of a will, or a suit by parties in interest to obtain the construction of ambiguous clauses in a will, although the issues between them may not have reached the point of actual contro-versy, is a legitimate subject of equity jurisdiction.

2. Wills—Construction of—Will and Codicil to be Considered.— The whole of a will, including all codicils, which are to be treated as a part of the will, will be considered in arriving at its meaning as a whole or in part.

3. Wills—Construction—Vested Estates Favored—Dying Without Issue.—The law favors the vesting of estates, and in cases of doubt it favors a fee rather than a lesser estate, and an estate once given in fee will not be defeated by subsequent provisions limiting it to a smaller estate unless the language of the instrument or the intention of the testator so requires; and so when there is reasonable doubt as to the time referred to, the rule is that the words "dying without issue" should be referred to some fixed period rather than to a dying without issue at any time.

4. Wills—Construction of Words "Dying Without Issue."—Where a testatrix, after giving her estate to her three daughters, provided in one clause of her will that if any of them should die leaving children, the children should take the parent's part, and in a cod-icil provided that if any of them died without children the estate devised to the one so dying should go to the survivors, held that the words "dying without issue" in the codicil referred to a dy-

ing without issue before the period arrived for the distribution of the estate, and not to a dying without issue at any time.

5. Administrator with Will Annexed—Powers of.—Under Section 3892 of the Kentucky Statutes, an administrator with the will annexed has all the power and authority vested in the executors named in the will.

W. S. KELLY for appellants.

GEO. C. WEBB for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This litigation primarily involves the proper construction of certain clauses of the will of Kizia W. Allen, who died in 1910. When the will was written in 1896 Mrs. Allen had three daughters, her only children, and, after providing for the payment of her debts, and legacies of five hundred dollars to each of them, she gave in the third clause of her will in equal shares to her three children.

"Mattie Catherine Hanna, wife of Charles Hanna, Annie Lee Allen, and Joe Skillman Allen, all the rest and residue and remainder of my estate, real, personal and mixed, of whatever kind and character, and wherever situated. But the shares and portions so passing to my three daughters are to be the sole and separate property and estate of each, and to be free from the control, liability or debts of any present or future husband.

"In this distribution the descendants of any of my above named children who may have died are to represent the parents and take the part that such parent would have taken had she survived."

In the fourth clause the testatrix appointed her above named daughters as executors "with full power and authority in said executors to sell, dispose of, and convey by warranty deed all real estate of which I may die possessed."

In 1903 she added this codicil: "It is my will that if one dies without heirs that her share of my estate shall be handed over to the other two sisters or their children." And in 1906 she added this codicil: "I direct that before the division among my three daughters as provided in the above will, I direct that my daughter, Joe Prewitt, shall be paid five hundred dollars in addition to the five hundred dollars bequeathed to her in the above will. I also give to her my furniture except the table, which I bequeath to my daughter Annie."

At the time the will was written her daughter, Mattie, was married, and the other two daughters were single, but when the codicils were added the two single daughters had married, and when this suit was brought for the construction of the will her daughter Mattie, who married Charles Hanna, had three children; her daughter Annie, who married J. L. Tarlton, had two children; and her daughter Joe Skillman, who married Robert Prewitt, was childless.

The testatrix owned at the time of her death a tract of land containing some two hundred acres, and this suit was brought by her daughter, Mrs. Prewitt, against the other two daughters and their children for the purpose of having it determined whether or not the daughters took a fee simple estate or only a defeasible fee in the land, and also to settle the question whether or not Robert Prewitt, who, upon the failure of the executors named in the will to qualify, was appointed administrator with the will annexed, had the right to sell the land. In the petition Mrs. Prewitt asserts that under the will she and the other children of the testatrix took a fee simple estate and that the administrator with the will annexed had all the power conferred by the will on the executors therein named; while the other two daughters in their answers to the petition contend that under the will the children took a defeasible fee subject to be defeated upon their death at any time without issue, in which event the interests of the one so dying without issue passed under the will to the survivors.

The lower court, on hearing the case, adjudged that each of the children was seized of a fee simple estate in an undivided one-third of the land, and that Prewitt as administrator with the will annexed had all the powers conferred by the will upon the executors therein named. From this judgment Mrs. Hanna and her children, and Mrs. Tarlton and her children, prosecute this appeal.

Preliminary to disposing of the real question in the case, which is whether or not Mrs. Prewitt owns a fee or only a defeasible fee in the land, we will notice a question raised by counsel for appellants, that the lower court had no jurisdiction to hear or determine the case, because, under the averments of the petition, the only purpose of the suit was to obtain a construction of the will.

In Hart v. Darter, 107 Va., 310, also reported in 13 Ann. Cases, 1, it was held that a court of equity would not,

entertain jurisdiction of a case that was brought merely to obtain the construction of a will that did not contain any trust features, although the construction affected the rights and interests of parties to real estate devised by the will, and in the note to this case a number of authorities are referred to holding the same view. But in this State a real controversy between parties in interest as to the proper construction of a will, or a suit by parties in interest to obtain the construction of ambiguous clauses in a will, although the issues between them may not have reached the point of actual controversy, has always been regarded as a legitimate subject of equity jurisdiction, and we are not disposed to modify or depart from this satisfactory rule.

This case presents a good illustration of the reasons why the aid of a court of equity should be invoked to determine the interests the parties take, and under our practice it is purely an issue of equitable cognizance. Here we have one of the devisees asserting that she has a fee in the land devised to her, while the other devisees assert that she has a less estate, and the nature and character of the estate is to be determined entirely by the construction of the will under which the devisees take. The issue between the parties is real as well as a substantial one, and as it must eventually be settled by the courts, it is better for all parties concerned that it should be determined as it may be in a suit brought to obtain a construction of the doubtful clauses of the will. By this proceeding future litigation will be prevented, the titles of the devisees will be put at rest, and each will know exactly what estate she has under the will.

Coming now to consider the estate Mrs. Prewitt has in the land, we think she has a fee and not a defeasible fee. It is elementary law in the construction of wills that the whole of the will, including all codicils, which are to be treated as a part of the will, should be considered in arriving at its meaning as a whole, or in part, and thus reading the will and codicils, we think that the testatrix intended that if either of her children died childless before the period fixed for the distribution of the estate or the time that it should come into their possession, that in such event the share of the one dying childless should go to the survivors, and did not mean that if either of them died childless at any time the estate should pass to the survivors.

In support of this construction we find that the testatrix, in the third clause of her will, after providing for the payment of certain legacies, gave without limitation or qualification to her three daughters in equal shares all of her estate, with the proviso that when it was distributed the descendants of either of them who may have died should take the parent's share; and it is plain that this direction that the descendants should take the share of the parent referred to the death of the parent before the period of distribution. In other words, if the devisees named in the will were living when the time came to distribute the estate, and which it was contemplated would take place as soon after the death of the testatrix as might conveniently be done, they should take the estate, but if any of them should be dead at this time, then the descendants of the one so dying should take the share of the deceased parent. But in this clause the testatrix made no provision for the contingency that might happen if one of the devisees died before the period of distribution without leaving children, and so she added a codicil providing that if either of them died without children her share should go to the survivors, and this codicil should be read in connection with and as a part of the clause providing for the descent of the estate in the event either of the devisees died leaving children before the period of distribution.

It is true the words "division" or "distribution" are not used in the codicil, but it seems quite clear that the testatrix intended that the provision made in this codicil should become operative at the same time that the provision in the third clause of the will should become operative, which was at the arrival of the period of distribution. There is no language in the will from which it can be reasonably inferred that the testatrix intended by this codicil to refer to a dying without issue at any time, and therefore, under the well settled rule of construction that has frequently been applied we feel authorized to hold that the codicil referred to the death of the devisee before the period of distribution or the time when the estate came into possession. In McCauley v. Dale, 32 Ky. L. R., 1243, we said:

"The law favors the vesting of estates. In cases of doubt, it favors a fee rather than a less estate. And an estate once given in fee will not be defeated by the subsequent provision in the same instrument limiting it to a smaller estate, unless the language of the instrument, or

the intention of the testator so requires," citing in support of this proposition a number of authorities.

In Kephart v. Hieatt, 25 Ky. L. R., 1602, the same rule of construction is laid down; and so when there is reasonable doubt in the construction of a will that provides for the diversion of the estate given to a devisee in the event of his dying without issue, we have uniformly ruled that the words "dying without issue" should be referred to some fixed period rather than to a dying without issue at any time. Washer v. Washer, 143 Ky., 645; Bradshaw v. Williams, 140 Ky., 160; Webster v. Webster, 93 Ky., 632; Blackwell v. Blackwell, 147 Ky., 264; Carpenter v. Hazelrigg, 103 Ky., 538; Burnam v. Suttle, 148 Ky., 495; Smith v. Courtney, 27 Ky. L. R., 642.

In Dorsey v. Maddox, 103 Ky., 253, relied on by counsel for appellant, the testator devised directly to his granddaughter sixty acres of land, with the condition that if she died without issue the estate should go to other named persons, and it was held that the devisee took a defeasible fee subject to be defeated by her death without issue living at the time of her death whenever it might occur, but in that case there was no period to which the death of the devisee could be referred, and so it was necessary, to give any meaning or effect to the devise over, that it should be held applicable to her death at any time. The same rule of construction, and for the same reason, was applied in Sale v. Crutchfield, 8 Bush, 636. In Harvey v. Bell, 118 Ky., 512, also relied on by counsel for appellant, the court carefully laid down several rules of construction, saying:

"Where there is no intervening estate and no other period to which the words "dying without issue" can be reasonably referred, they are held, in the absence of something in the will evidencing a contrary intent, to create a defeasible fee which is defeated by the death of the devisee at any time without issue then living," but "where, by the will, the devise is to a class and the period of division is postponed, even where the devisees are not infants, it has been held that the limitation as to dying without issue must be confined to a death without issue before the period of division fixed by the will."

In Walton v. Bohannon, 150 Ky., 486, the testator provided that if either of his grandsons, John H. or R. R. Walton, should "die at any time leaving no lawful child or children surviving him to inherit it, in that event it is my will, and I direct that the interest in said lands devised

to the one so dying shall go at his death to the survivor,'' and we held that the use of the words ''die at any time'' left no room to doubt what the intention of the testator was, and therefore the devisees took a defeasible fee subject to be defeated by their death at any time without issue. But in the will now before us there is no expression indicating that the testatrix intended that if the devisee should die at any time the estate should go to the survivor, and we have not found, nor have we been referred to any decision conflicting with the views expressed.

In reference to the power of the administrator with the will annexed, it is provided in section 3892 of the Kentucky Statutes that ''an administrator, with the will annexed, shall possess and exercise all power and authority, and shall have the same rights and interest, and be responsible in like manner, as the executors therein named, or any of them.''

Under this statute Prewitt, as administrator with the will annexed, had all the powers of disposition conferred on the executors by the will. This precise point was so ruled in Dunevant v. Radford, 140 Ky., 433.

The judgment is affirmed.