## Rue v. Lisle, et al.

(Decided October 16, 1923.)

### Appeal from Fayette Circuit Court.

1. Wills—Vesting of Estates Favored, and Happening of Contingency Construed to Refer to Event Happening Within Life of Testator.— The vesting of estates is favored by law, and in case of doubt the law favors a fee rather than a lesser estate, and where an estate is given by will, which may be defeated on the happening of a contingency, and there is no other period apparent or intended in which the event shall occur, it will be made to refer to an event happening within the lifetime of testator.

2. Wills—Devisee Held to Take Fee.—Under a devise of property to a daughter, providing, "If she should die without leaving issue, the said property is to pass to her surviving brothers and sisters, or their descendants," held that devisee took title in fee on surviving testator.

RIVES & SHANNON for appellant.

SMITH & REYNOLDS for appellees.

Opinion of the Court by Judge Settle—Affirming.

By an executory contract of date December 8, 1922, the appellees, Murty C. Lisle and E. J. Lisle, her husband, sold and agreed to convey on January 24, 1923, to the appellant, Lutie F. Rue, by deed with covenant of general warranty a store house and lot situated at the southwest corner of East Main street and Clay avenue, city of Lexington. The price agreed to be paid by the purchaser for the property was $11,000.00, of which

amount $500.00 was immediately paid, and the remainder made payable upon the delivery of the deed, January 24, 1923. On that date the appellees, Murty C. and E. J. Lisle, duly executed and tendered to the appellant a deed written in conformity with the terms of the previous contract of sale, and at the same time demanded of the latter payment of the remaining $10,500.00 of the consideration then due. The appellant refused to accept the deed tendered or pay the amount demanded, and this refusal was followed by the appellees' institution of the present action against the appellant to enforce the performance by her, in pursuance of its terms, of the contract by which she became the purchaser of the property in question.

The petition set forth the contract of sale, tender of the deed and demand of the amount of purchase money due, the refusal of the appellant to perform the contract, and, also, the source and character of the appellees' title to the house and lot sold. The answer of the appellant interposed as a defense that the appellee, Murty C. Lisle, did not hold a fee simple title to the property, but only a defeasible fee therein, and the deed tendered the appellant by her and her husband would not therefore convey her a fee simple title as provided by the contract of sale, which fact caused her refusal to perform the contract. The circuit court sustained a demurrer to the answer and entered judgment granting the prayer of the petition, and from that judgment this appeal is prosecuted.

It is admitted by the pleadings that whatever title the appellee, Murty C. Lisle, may have to the property in question was devised her by the will of her mother, Sarah H. Owings, deceased, and the only part of that instrument having reference to Mrs. Lisle and the devise to her is contained in the following clause:

"Fifth: I devise to my daughter, Murty Lisle, the residence and grocery property situated at the corner of Main street and Clay avenue, fronting about 57½ feet on Main street, and running back about 160 feet, the said property to be held by her for her sole and separate use, free from the debts, liabilities or control of, and from any right of curtesy, or any other marital rights of her present or any future husband. *If she should die without leaving issue, the said property is to pass to her surviving brothers and sister, or their descendants,* but I direct as a condition of this devise to Murty Lisle, and as a charge thereon, that she shall assume and pay off all

indebtedness that may exist against me at the time of my death, and also the legacies of one hundred dollars each hereinafter devised to Eddie McCoy, Mary Banahan and J. B. Basham.''

It is also admitted that all legacies and indebtedness against the testatrix chargeable to Mrs. Lisle, mentioned in the above clause of the will, have been fully paid and discharged by the latter. The question to be determined is whether the foregoing clause of the will invests the devisee with a fee simple title to the property devised, or only a defeasible fee therein. The other children of the testatrix, devisees under the will, were made parties to the action.

The vesting of estates is favored by law, and it is a well known rule that in cases of doubt the law favors a fee rather than a lesser estate. So where an estate is given by will which may be defeated upon the happening of a contingency, and there is no other period apparent or intended, in which the event shall occur, it will be made to refer to an event happening within the lifetime of the testator. The following are but a few of the many cases announcing this doctrine: Barney v. Richardson, etc., 2 Dana 424; Wills v. Wills, 85 Ky. 486; Blackwell, etc. v. Blackwell, 147 Ky. 264; Calloway v. Calloway, 171 Ky. 366; Pruett v. Pruett, 178 Ky. 346; Hannah v. Pruett, 153 Ky. 310, Burnam v. Suttle, 148 Ky. 495.

The rule of construction, *supra*, is applicable to the will under consideration and must control its construction. As Murty C. Lisle survived her mother she became invested with the fee simple title to the property devised her by the will in question; therefore the deed tendered by her to appellant, would, upon its acceptance by her, vest in her a like title.

Judgment affirmed.