## Miller et al. v. Miller's Guardian et al.

(Decided November 11, 1930.)

E. S. WIGGINS and C. C. WALLACE for appellants.

G. MURRAY SMITH for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The ultimate question presented by this appeal is the power of an administrator with the will annexed to sell and convey the real estate devised by the will. It arises in this way: Andy Miller died testate in June, 1927, and his will was admitted to probate in December, 1929. He was survived by three children, one of whom was an infant. The will requested that the property be rented for two years, and the rentals distributed among the three children as directed. It then required a sale of the property on terms of one-half down and the balance payable in one year, with interest at 6 per cent. The will assumed that the testator's daughter, Gladys, would advance the money for his burial expenses and provided that she should be reimbursed therefor. The residue of the proceeds was directed to be divided equally among testator's three children. No executor was nominated by the will. The guardian of the infant child instituted an action against the adult children for a sale of the land and division of the proceeds, as directed by the will. Burt Campbell was made a party defendant and called upon to assert or to abandon some claim he was making to the land. An amended petition was filed making C. C. Wallace, administrator with the will annexed, a party defendant. Burt Campbell claimed the land by virtue of a deed from the administrator with the will annexed. It was alleged that he had bought the land for $650, of which $225 had been paid in cash and of which $425 was to be paid in two equal installments due in six and twelve months. The deed of conveyance, regular in all respects, was exhibited with the pleading. The administrator with the will annexed answered that he had sold and conveyed the land to Campbell. He further alleged that the price obtained was fair and reasonable, and the facts averred manifested a compliance with the requirements of the will. Demurrers were sustained to the answers of Camp-

bell and Wallace, and a judgment was entered ordering the land to be sold on the terms provided by the will. Campbell and Wallace have appealed, insisting that the sale and conveyance of the property by Wallace to Campbell passed a perfect title.

Section 3892, Ky. Stats., provides that an administrator with the will annexed shall possess all power and exercise all authority, and with the same rights and responsibilities that is conferred upon an executor nominated by the will. It has been held that, when no executor is named in the will, an administrator thereof may be appointed with full power to execute the will. Evans v. Evans, 134 Ky. 637, 121 S. W. 619. When a will directs a sale of the devised estate and division of the proceeds among devisees, it is implied, nothing to the contrary appearing in the will, that the executor named, or, if none is named, the administrator with the will annexed, was intended to be intrusted with the power and charged with the duty of carrying into effect the plain purpose of the testator. Dunevant v. Radford, 140 Ky. 433, 131 S. W. 185, 140 Am. St. Rep. 392; Haggin v. Straus, 148 Ky. 140, 146 S. W. 391, 50 L. R. A. (N. S.) 642; Jarboe v. Griffith, 150, Ky. 549, 150 S. W. 839; Hanna v. Prewitt, 153 Ky. 310, 155 S. W. 726; Varble v. Collins, 168 Ky. 247, 181 S. W. 1115, Ann. Cas. 1916D, 448; Kirby v. Berea College, 196 Ky. 353, 244 S. W. 775.

In some instances the power bestowed upon a nominated executor is deemed limited to him because of special confidence reposed in the chosen fiduciary (Schlickman v. Citizens' National Bank, 139 Ky. 268, 129 S. W. 823, 29 L. R. A. (N. S.) 264), but this case presents no such feature. Cf. Leonard v. Hale, 144 Ky. 77, 137 S. W. 866. In view of the authorities, we are constrained to the conclusion that the circuit court erred in sustaining the demurrers to the answers of Campbell and Wallace.

The judgment is reversed, with directions to overrule the demurrers, and for further proceedings not inconsistent with this opinion.