(62 App. Div. 562.)

### MURDOCK v. KELLY.

(Supreme Court, Appellate Division, Third Department.    June 28, 1901.)

1. WILL—CONSTRUCTION—POWER OF SALE. .
    Testator by his will devised his real and personal estate to the children of his brothers and sisters, directing a division of the property into equal shares, and giving the children of each brother and sister one portion. *Held* not to give a power of sale to the executor.

2. SAME—IMPLIED POWER.
    Where there is no express power of sale conferred by will, the fact that there are many existing contracts for sale of land by the decedent will not create an implied power of sale in the executors because of convenience, where deeds can be given by the heirs and devisees under the will.

Submission of controversy between James D. Murdock as executor of James Murdock, deceased, and Joshua M. Kelly, on an agreed statement of facts. Judgment in favor of defendant.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

George H. Carpenter, for plaintiff.
J. M. Maybee, for defendant.

CHASE, J. In 1880, James Murdock, the owner of certain real property in the county of Ulster, entered into a contract for the sale thereof to the defendant, Joshua M. Kelly. The said Kelly entered

into possession of said real property and still has possession of the same under said contract. On the 19th day of March, 1900, the said James Murdock died, leaving a last will and testament, which was duly admitted to probate by the surrogate of the county of Ulster, and letters testamentary thereon were issued to the plaintiff, James D. Murdock, who was named in said will as sole executor thereof. The money unpaid on said contract was inventoried as a personal asset of the estate of said James Murdock, deceased, pursuant to section 2712 of the Code of Civil Procedure. On the 13th day of April, 1901, there remained unpaid on said contract from said defendant the sum of $48.96, and on that day the said plaintiff, as such executor, executed, acknowledged, and tendered to said defendant a deed of the real property described in said contract, and demanded the balance remaining unpaid thereon as aforesaid. The said defendant was willing and ready to pay the amount remaining unpaid on said contract, but refused to accept a deed from said plaintiff as such executor, and demanded a deed thereof executed by the residuary devisees named in the will of said James Murdock, deceased. The refusal of said defendant to accept the deed so tendered to him was solely for the reason that he insisted that the plaintiff, as such executor, had no power under said will to convey real property. At the time of making said will, and at the time of his death, the property of said James Murdock was largely in lands situated in the counties of Ulster, Delaware, and Sullivan. At the time of his death he had outstanding 42 contracts for the sale of real property, which contracts were similar in form to the contract held by the defendant, and the grantee in each of said contracts was in possession of the real property mentioned therein. In addition to the real property included in said contracts, said James Murdock owned at the time of his death three other parcels, containing about 400 acres. Said will was not drawn by an attorney, but by a nephew of said deceased, who had never drawn a will prior to that time, and who had no knowledge of technical terms relating to the disposition of property. The disposing part of the will of the testator consists of 18 paragraphs. The first 17 paragraphs provide for the payment of debts, if any; devise to different persons certain described real property, including all the right and title of the testator in eight pieces of real property for which the testator had given contracts as aforesaid. They include bequests of household furniture, and also money legacies to different persons and corporations, amounting in the aggregate to the sum of $4,400. The eighteenth paragraph of the will is as follows:

"All the rest, residue, and remainder of my estate, both real and personal, I give, bequeath, and devise to the children of my brothers and sisters, excepting my sister Jane Kipp, for whose maintenance I have already provided. My wish is to have what remains of my estate, after the payment of the foregoing bequests, divided into nine equal shares, and the children of each brother and sister to have one-ninth of said remainder."

Immediately following said eighteenth paragraph is the only remaining provision of the will, as follows:

"Likewise I make, constitute, and appoint my nephew James D. Murdock to be the executor of this my last will and testament, hereby revoking all former wills by me made."

If the last part of the eighteenth paragraph of the will had been ·omitted, it would not be contended by any one that a power of sale was intended by the testator. It is necessary, therefore, to consider the purpose of the testator in adding the last part of that paragraph. The first part of the paragraph is an unqualified bequest and devise to the children of his brothers and sisters, without expressly stating that they should take per stirpes, and, in our opinion, the last part ·of that paragraph was added for the purpose of making clear the intention and desire of the testator that his nephews and nieces were ·not to take per capita. It relates wholly to the division as between the nephews and nieces, and not in any sense to the manner in which, they should receive their shares. There is no express provision of the will relating to the sale of property. The contention of the plaintiff ·centers in the word "divided." There is nothing in the first 17 paragraphs of the will that in any way aids in determining the intention ·of the testator in regard to giving the executor power of sale, except that the testator therein uses the word "divided" where it is clear that it does not relate to a division by the executor, but to the shares as between the persons named. In the eleventh paragraph he gives to three nephews a certain piece of real estate, "to be divided between them share and share alike." In the fourteenth paragraph he gives to one of his nieces, and to the wife of a nephew, certain real estate, "to be divided between * * * share and share alike." The word "divided," as used in the eighteenth paragraph, should not ·be given any different or greater meaning than is given to such word in other parts of the will, where the testator's intention is clear and undisputed. The estate of the testator is so situated that a power of sale in the executor would materially aid in disposing of the property, and in promoting the interests, not only of the legatees and devisees, but of the grantees in the numerous contracts for the sale of real property. When necessary, a power of sale will be implied. Salisbury v. Slade, 160 N. Y. 278, 54 N. E. 741; Cahill v. Russell, 140 N. Y. 402, 35 N. E. 664. But, although very desirable, it is not nec-·essary, in this case, and the gift is to the nephews and nieces of the testator, and not to the executor in trust for them. The simple fact that a power of sale is very desirable is not alone evidence that a power of sale was intended. We cannot say that there is any evi-·dence in this will, taken even in the light of all the surrounding circumstances, to show that the testator intended to give his executor power of sale. We are not aware of any case holding that a power of sale can be implied in a will where the grounds therefor are so slight as in this case, and there are many decisions of the court hold-·ing that a power of sale cannot be implied where there were facts more strongly pointing to an implication than appear in the evidence herein. Alkus v. Goettmann, 60 Hun, 470, 15 N. Y. Supp. 183; In re Fox, 52 N. Y. 530, 11 Am. Rep. 751; Smalley v. Smalley, 54 N. J. Eq. ·591, 35 Atl. 374.

Each of the three questions submitted, namely: "Has James D. Murdock, as executor as aforesaid, under the power given in and by ·the said will, a power of sale of the said lands so contracted as afore-:said? Had Joshua M. Kelly accepted the deed tendered to him by

the said executor, would he have obtained title to the lands mentioned therein? Has Murdock, as executor, a general power to sell the lands owned by his testator?"—are answered in the negative, and judgment ordered for the defendant, with costs. All concur.