## Haggin v. Straus, Trustee, et al.

(Decided May 2, 1912.)

### Appeal from Fayette Circuit Court.

1. Wills—Where Will Directs Sale of Estate—Executor Acts Upon Authority of Will, Rather Than Judgment.—Where a will directed the estate of decedent to be converted into money and the executor to distribute the same, the executor is necessarily clothed with the power to sell, and a purchaser under such a sale acquired a good and sufficient title to the property which the executor conveyed him. And where the executor in an action for a settlement of the estate, was ordered to sell certain real estate, which he did, he acted, not upon the authority conferred by the judgment, but rather upon the authority conferred by the will, and it was not necessary that the sale, when made, should have been reported to the court at all.

2. Trustee—Appointment of—Parties.—When application is made for the appointment of a trustee for the purpose of carrying out the provisions of a will, it is the duty of the court to select some competent person, but it is not necessary that all having an interest in the trust fund should join in the application for the appointment of a trustee, or should be parties to the proceeding.

3. Trustee—Power to Sell Conferred by Will.—The power of a trustee to sell real estate is conferred by the will, and not by the order of court appointing him. Therefore, in appointing a trustee to fill a vacancy, it was not necessary that the order should confer power of conveyance this having been conferred by the will upon the original trustee.

4. Specific Performance—Deed Tendered.—The deed tendered passed an absolute fee simple title to the property described and specific performance of the contract was properly decreed.

SHELBY & SHELBY and R. L. NORTHCUTT for appellant.

STOLL & BUSH for appellees.

Opinion of the Court by Judge Lassing—Affirming.

On December 26, 1911, Charles L. Straus, as trustee for Amanda Straus, widow Louis Straus, deceased, under the will of said Louis Straus, deceased, and also as trustee for Rachel Straus, widow of Gus Straus, deceased, under the will of said Gus Straus, deceased, and Amanda Straus, administratrix de bonis non with the will annexed of Louis Straus, deceased, and Charles L. Straus, administrator with the will annexed of Gus Straus, deceased, Amanda Straus and Rachel Straus, acting in their respective individual and representative capacities, sold and agreed to convey to J. B. Haggin certain real estate on the northeast side of Main street, between Limestone and Walnut streets, in the city of Lexington, for $28,000 cash. In accordance with their contract of sale they prepared, executed and tendered to him a deed to said property, which he refused to accept, and they thereupon instituted a suit in the Fayette Circuit Court for specific performance, and tendered the deed with their said petition. Upon consideration the court held the title to said property to be in the plaintiffs, and that the deed which they tendered to defendant was a good and sufficient deed to invest him with the fee simple title to said property, and granted the prayer of the petition. The defendant appeals.

It appears that this property was owned jointly by Louis and Gus Straus, brothers, who were for many years engaged in the clothing business in Lexington. Louis died in 1899 and Gus in 1906. They each left a will which, so far as they relate to or affect this property, are identical. In the will of Louis Straus his brother Gus and two other non-resident brothers were named as executors and trustees. Gus alone qualified. In 1906, upon the death of Gus Straus, Amanda, the widow of Louis, was appointed administratrix de bonis non with the will annexed of her husband, Louis Straus. Gus Straus nominated his brother Louis and two non-resident brothers as executors and trustees of his will. Louis having died and his non-resident brothers being disqualified, Charles L. Straus, son of Louis, qualified as administrator with the will annexed of his uncle, Gus Straus. In November, 1906, Rachel Straus, widow of Gus, and Amanda Straus, widow of Louis, filed a petition in the Fayette Circuit Court, asking that Charles L.

Straus be appointed by that court as trustee under the wills of their respective husbands. This prayer was granted, and the said Charles L. Straus was thereafter duly appointed trustee under the will of his father, Louis Straus, and under the will of his uncle, Gus Straus. As such trustee for the estate of his father and his uncle, Charles L. Straus made the sale and undertook to convey the property involved in this litigation.

For the appellant it is insisted that the judgment should be reversed upon two grounds: First, because the title to about one-half of this property was not perfect in Louis and Gus Straus, and their personal representatives, because of this defect, are not able to convey a good and sufficient title thereto; and second, that, even if the title to all of said property was perfect in Louis and Gus Straus, their said trustee is without authority to convey.

The portion of the property to which it is alleged the decedents did not have a good and sufficient title is that acquired by them from Henry S. Reed, as executor of Martha Reed, by deed dated December 10, 1887. The will of Martha Reed was probated January 5, 1886. By the terms thereof, after making some special bequests, she provided in clause five, as follows:

"I desire that all the residue of my estate shall be converted into money, except my stocks in bank and other corporations, which are to be retained and their value estimated by the appraisers of my estate for the purpose of distribution as hereinafter provided, and except that my children shall be allowed to take as part of their share in the distribution, at appraised value, any of my live stock or other personal property at and about my house and my entire estate, except as herein specifically devised, subject to the restrictions and limitations hereinafter expressed. I desire to be equally divided into six parts between my son, Henry S. Reed; my daughter, Lizzie R. Bowman; Mollie B. Sympson, Mattie C. Stockwell and Kate S. Reed; and my grandsons, Henry W. Reed and Joseph Johnson Reed, sons of my deceased son, Andrew J. Reed; the grandsons taking together the share which would have gone to their said father, the one-sixth of my said estate."

Henry S. Reed was nominated as executor and, in March, 1887, he filed suit in the Fayette Circuit Court for a settlement of the estate, and made all of the devisees, other than himself, parties defendant. In

August following an order was entered in said suit directing the executor to sell the Main street property, which included the property in question, "at public auction, under the authority and responsibilities conferred upon him by the will." Acting on this authority, the conveyance by the said executor to the Straus brothers was made and reported back to court, though not confirmed.

It is practically conceded by counsel for appellant that the said executor had power, under the terms of the will of Martha Reed, to sell and convey the real estate in question; but after having instituted his suit for the purpose of a settlement of the estate, it is urged, this power of disposition on his part was lost, and he had no right thereafter to make sale except under the direction of the court; and when he reported same to court he should have had it confirmed, and that the failure of the court to confirm the sale so made by him renders the title defective.

We are of opinion that clause five of the will clothed the executor with ample power to make said sale. The chancellor evidently took the same view, because he directed the executor to sell, "under the authority and responsibilities conferred upon him by the will;" so that when he acted it was not upon the authority conferred upon him by the judgment, but rather upon the authority given him in the will. The judgment of the chancellor was merely advisory, as it were, a construction of clause five of the will, and it was not necessary that the sale, when made to Straus Brothers, should have been reported to the court at all; and the court, in failing to take any action thereon, was no doubt influenced by the idea that it was unnecessary. The will provided for the sale of the residue of the estate, and this included the property in question. It could not be distributed until it was sold. The will is silent as to who should make the sale, but it does provide that her executor shall distribute her estate, and, until the sale was made, no distribution could be had. As he was directed to distribute, it necessarily follows that the testatrix intended that the sale should be made by him. The institution of a suit by him neither enlarged nor diminished the rights which he had under the will to sell this property. The judgment of the chancellor did not require that the sale should be reported to court; on the contrary, it is stated in plain terms, that it should be made by the executor under the

authority conferred upon him by the will; and, although the will did not direct him to make the sale, it was his plain duty to do so, for the provisions thereof could not have been carried out otherwise.

A similar question was before this court in Evans, Administrator v. Evans, 134 Ky., 637. There the testator devised certain real estate to a sister for life, and then directed that after her death "it is to be sold and divided equally between my brothers and sisters, or their heirs," etc. No executor was named in the will. The court appointed S. P. Evans administrator with the will annexed. The life tenant having died, the administrator sold the land to Edward Evans and made him a deed therefor. The purchase price was not made, but notes executed for same. When the first note fell due the purchaser refused to pay, on the ground that the administrator had no right to convey. The administrator sought to enforce the collection of the purchase money and, upon consideration, the title was held good. The purchaser appealed and here questioned the right and power of the administrator to sell and convey the land. After quoting Secs. 3891-2, Kentucky Statutes, it was held in said opinion that an administrator, with the will annexed, has the same power and authority as an executor named in the will; and that such administrator, with the will annexed, is clothed by the statute with power to sell and convey any land which is ordered by the will to be sold for the purpose of distribution; and that, as the will directed a sale, but did not designate anyone to sell it, and did direct the proceeds to be distributed by the executor, he, by necessary implication, was invested with the power of sale, there being no contrary intention expressed in the will.

The question decided in that case is identical with that before us. The Reed will directed the estate to be converted into cash, and the executor to distribute same, thus necessarily clothing him with the power to sell, and the Straus brothers acquired a good and sufficient title to the property which he conveyed to them.

This brings us to a consideration of the right of the trustee and personal representatives of the Straus brothers to convey. Each will contained the following provisions:

"I desire and bequeath unto my executors and trustees the proceeds of my life insurance policies and the personal and real estate held by me jointly and in

partnership with my brother, Gus Straus, in trust, for the benefit of my wife, subject to the terms and conditions herein stated.

"If my wife at any time requests the same in writing, my executors or trustees are directed to pay to her, out of the funds received by them, under this will, a sum equal to the amount of the proceeds of my life insurance policies received by them; and if my wife at any time requests the same in writing, my executors and trustees are directed to transfer, deliver and pay to my wife the entire estate, or any part thereof, devised and bequeathed to them in trust, by this will; and in the exercise of this power my wife may continue to receive such portions of the corpus of the trust funds, as she desires until the trust herein created is exhausted.

"I direct my executors and trustees to continue my interest in the clothing business, now conducted under the firm name of Louis & Gus Straus, for the period of five years, but this direction is subject to the judgment and discretion of my executors and trustees. I desire to fully submit to them the propriety of complying with this direction.

"Subject to the like discretion and judgment of my executors and trustees, I direct my partnership, or joint interest in the real estate owned by me and my brother, Gus Straus, to be held by my executors and trustees for the same period of five years, without division or partition. * * *

"I also authorize my executors and trustees and empower them to convert the real estate, devised to them by this will into money, at such time, upon such terms and in such manner as they may deem best, or agree with my brother Gus as to the value of my interest in said real estate, and secure the division or partition of said real estate at such time, upon such terms and conditions as may be mutually agreed upon to sell the same, or any part thereof, to my brother Gus, upon such terms as agreed upon; and I empower them to receive and receipt for the proceeds of such sale or sales, and to the purchaser or purchasers thereof execute the proper deeds of conveyance.

"The power hereby conferred upon my executors and trustees to sell said estate, whether personal or real, or any part thereof, and to make proper transfers and deeds of conveyance to the purchaser thereof, is given without limitation, except such power is to be exercised

by my executors and trustees within their discretion for the best interest of my estate.

"Full power is conferred upon my wife to dispose by will of the trust estate remaining in the hands of my executors and trustees at the time of her death, and in the default of the exercise of such power of disposition by her the said estate is to pass to my heirs at law."

It is the contention of counsel for appellee that the trustee had, under these provisions of the will quoted, ample authority to sell and convey the property in question; but that if he, acting alone, did not have this power, when he is joined in the conveyance by the widows of the decedents, the title was certainly perfected. This they did, and, in order to guard against any and all contingencies, the children and only heirs-at-law of the decedents also joined in the conveyance and expressly relieved the grantee from all responsibility of seeing how the proceeds of the sale were reinvested; and in the deed the widows state that the sale was made at their special instance and request, in the exercise of that right or power which is given them under the will to cause the trustee to convey the property to them upon their request in writing that this be done.

The first ground urged by counsel for appellant, in support of their contention that the trustee was without authority to convey this property, is that the Fayette Circuit Court did not have power to appoint Charles L. Straus as trustee under the two Straus' wills on the ex parte application of the widows of Louis and Gus Straus without making their children parties. The provisions of each will made it necessary that there should be a trustee; and, the office being vacant, anyone interested, and particularly the widows, might have gone into the County Court of Fayette County and, upon motion, had a suitable person appointed trustee; and the Circuit Court, being a court of general jurisdiction, was clothed with ample power to make the appointment. If all of those who by any possibility might have an interest in the trust fund were entitled to be heard in the selection of a trustee, the fact that the court acted upon the application of some of them, without notice to the others, would not render the appointment void, but merely irregular. Not being void, the manner of the trustee's appointment could only be inquired into in a direct proceeding by someone in interest. It cannot be called in question in a collateral proceeding. (Perry

on Trusts, 4th Ed., Sec. 275). The appointment being made upon application of the widows, the parties who were most directly interested in the management of this fund, and the trustee being himself one of the heirs, and his brother and cousin being the others, and all acquiescing in the sale which he attempted to make under and by virtue of his appointment as trustee, if it should now be conceded that they were proper parties to the proceeding, they would be estopped by their subsequent conduct from inquiring into or questioning the validity of his appointment. But we are of opinion that they were not necessary parties. When application was made to the court for the appointment of a trustee, it was the duty of the court to select and appoint some suitable person to see that the provisions of the will were carried out and, before entering upon the discharge of his duties, require that he should execute a good and sufficient bond. Those interested in the trust fund and its management can do no more than call the court's attention to the fact that there is a vacancy in the office and ask that it be filled. The duty then devolves upon the court to select a suitable person, and it is not necessary that all having an interest in the trust fund should join in the application for the appointment of a trustee, or should be parties to the proceeding. The trustee is the representative of none of those having an interest in the trust fund, further than that he is charged with the duty of carrying out the provisions of the instrument creating the trust. In this he acts for all, and it is immaterial upon whose application the appointment is made, so long as it is someone having an interest in the trust fund and its management.

It is next urged that the trustee thus appointed did not have the same power of conveyance as was conferred by the will upon the original trustee selected by the testator, because the order appointing him did not confer in express terms such power. A sufficient answer to this objection is that the power of the trustee to sell this real estate is conferred by the will itself, and not by the order of court appointing him. The authority to make the sale is conferred upon the office, rather than the individual who fills it. The intent of the testator in each will under consideration was that the trustee, whoever he might be, should make conveyances when, under the terms and provisions of the will, it became necessary. An examination of each will discloses that the testator

contemplated that such a condition as is here presented might arise, and he provided in his will that the power conferred upon his executors and trustees to sell his real estate should pass to and be conferred upon any one or more of his executors who should qualify as executor or trustee under the will, and upon the successor or successors of such executors and trustees. It is immaterial that the trustee was appointed by the court. He is, and was at the date of the execution of the contract of sale in question, the duly qualified successor of his predecessor in office, and as such he is clothed with special authority under the will to make such sale as is necessary to carry out the provisions hereof. It was the clearly expressed intention of the testator that he should have this power, but in the absence of such declaration in the will itself such authority to convey would, by necessary implication, follow his appointment and attach to the office.

Lastly, it is urged that the right of the widows to call upon the trustee to convey them the propery held in trust is not an absolute, unqualified right, but merely a right to call for so much thereof as might be needed from time to time for their reasonable use and necessary support. The language used by the testator is very broad and comprehensive, and a fair interpretation thereof does not justify its application in the limited scope which counsel for appellant would give it. There is nothing in the language used by testator that would indicate an intention on his part to limit or restrict his wife to the use of only so much of his estate as might be necessary for her maintenance or comfortable support. On the contrary, he says that "if my wife at any time requests the same in writing, my executors and trustees are directed to transfer, deliver and pay over to my wife the entire estate or any portion thereof devised and bequeathed to them in trust by this will." Provision had previously been made in the will for the executors and trustees to hold the partnership property in trust for at least five years, unless in their judgment a sale before that time should be by the executors and trustees deemed beneficial to the estate. But in this clause provision is made giving to the wife an absolute and unqualified right to terminate the trust and to take possession of the property and do with it as she pleased, and all that was necessary for her to terminate the trust and take the property was that she should notify the trustee in writing.

This she has done in the deed, and while the trustee has not conveyed the property to her, he has conveyed it under her direction to the appellant. This, while of course not a literal compliance, is a substantial compliance with the will. Strictly speaking, the trustee should have been required to convey the property to the widows and then they conveyed to appellant; but inasmuch as the deed recites that they have made the request in writing, and that the execution of the deed by them is to be treated as such, the act of the trustee in joining them in the transfer of the property to the appellant is a substantial compliance with the provisions of the will.

And this disposes of the last objection urged by counsel for appellant, to-wit: that, even if the power is given the widows to invest themselves with the absolute fee simple title to said property, they have not exercised this right by giving the trustee notice in writing, as the will provides, and that therefore, even though they have joined in the deed themselves, and their children have likewise signed and acknowledged it, if either of the widows failed to dispose of the property by will, in the exercise of the power conferred upon them, then such portion thereof as remained in the hands of the trustee would pass to the heirs of the respective testators; and that it might be held that the heirs of the testator were such as answered this description at the date of the death of the widows rather than those who answered it at the date of the death of the testator. Each of the widows having exercised the right conferred upon them by the will, and requested the trustee to convey the particular property in question to the appellant, and the trustee having made said conveyance in compliance with their request, appellant has thereby acquired the absolute fee simple title to said property, and the children or heirs-at-law of decedents, Louis and Gus Straus, have no interest whatever in it. Hence, it is unnecessary to enter upon a consideration of the question of what would be the effect of their widows dying without having attempted to dispose of the property by will, for, in the exercise of the power given them by the will, they have already disposed of it.

Upon a careful consideration of the record we are of opinion that the deed tendered passed the absolute fee simple title to the property therein described to appellant, and the trial court correctly so held. Judgment affirmed.