## Robertson, et al. v. Hines, et al.

### (Decided June 12, 1913.)

### Appeal from Warren Circuit Court.

Vendor and Purchaser—Pendency of Action to Settle Estate—Purchase from Heir.—Section 2084, Ky. Stats.—Under section 2084, Ky. Stats., one who purchases from an heir of an intestate, pending an action to settle the intestate's estate brought within six

months from the time the estate descended, steps in the shoes of the heir, and acquires no interest in the real estate where the debts of the intestate and the costs of administration equal the proceeds of its sale.

W. E. GARTH for appellants.

SIMS & RODES for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the month of August, 1900, Leslie J. Clark died intestate, a resident of Warren County, Kentucky. He was the owner of certain lands in that county. He had three children, John Clark, Joe Clark and Agnes Amelia. Clark, who married James Ragland. John Clark and Joe Clark survived the intestate, but at the time of his death Agnes Amelia Clark and her husband, James Ragland, were both dead, leaving surviving them Clark Ragland and Hardin W. Ragland, both of whom were of age. Upon the death of Leslie J. Clark, Byron Renfrew qualified as his administrator. On December 26, 1900, he brought an action for the settlement of the estate. Certain creditors holding mortgage and vendor's lien and other claims against the property were made parties. Hardin W. Ragland was also made a party defendant. At that time he was a non-resident and lived in Lebanon, Tennessee. Upon proper affidavit, R. C. P. Thomas was appointed warning order attorney to notify him of the nature and pendency of the action. On June 5, 1901, he filed a report that he had written several letters to Hardin W. Ragland and had received replies from him. He further stated that he had examined the papers in the case and from all the information he was able to obtain he was unable to make any affirmative defense for Hardin W. Ragland. The case was referred to the master commissioner and various claims allowed against the estate. The property was sold and J. H. Clark and J. G. Cason became the purchasers at the price of $700. The purchasers failed to execute bond for the purchase price. On February 17, 1902, the property was again sold and T. R. Hines became the purchaser at $500. Exceptions were thereafter filed to the same, but the sale was confirmed.

During the pendency of the above action Hardin W. Ragland and wife sold and conveyed his undivided one-sixth interest in the land to N. G. Robertson by deed,

duly acknowledged and delivered on March 19, 1901, and recorded in the office of the clerk of the Warren County Court on March 20, 1901. The consideration recited in the deed was $150 cash.

On February 4, 1909, N. G. Robertson brought this action against the present owner of the land and others to recover an undivided one-sixth interest therein. On final hearing the petition was dismissed, and he appeals.

Plaintiff bases his right to recover on the fact that he was a bona fide purchaser of Hardin Ragland's interest without notice of the pendency of the action to settle his grandfather's estate. Section 2087, Ky. Stats., provides:

"When the heir or devisee shall alien before suit brought the estate descended or devised he shall be liable for the value thereof with legal interest from the time of alienation to the creditors of decedent or testator; but the estate so aliened shall not be liable to the creditors in the hands of a bona fide purchaser for a valuable consideration, unles action is instituted within six months after the estate is devised or descended to subject the same."

At the time of the commissioner's sale of the land in question Hardin W. Ragland was before the court. The suit was instituted within six months after his interest in the estate descended to him. Passing the question whether or not Robertson had actual notice of the pendency of the action, he bought Hardin W. Ragland's interest during the pendency of the action. The suit having been brought within six months, the interest which he purchased was subject to the payment of the intestate's debts and the costs of the administration. In other words, he stepped into the shoes of Hardin W. Ragland and could assert no greater interest in the land than Hardin Ragland could assert. Mortgage liens and other claims against the estate, together with the costs of administration, consumed the property; therefore, Robertson acquired no interest in the land by virtue of the deed in question.

Judgment affirmed.