## Varble v. Collins' Exor.

(Decided February 2, 1916.)

### Appeal from the Jefferson Circuit Court (Chancery Division No. 2).

1. **Executors and Administrators—Sale and Conveyance of Real Estate—Power Conferred by Will.**—Where in a will no express authority is given an executor to sell and convey real estate, yet from the nature of the duties imposed upon him by the will or by law he cannot carry out the provisions of the will without exercising such authority, the power to sell and convey will be implied.

2. **Executors and Administrators—Power to Sell and Convey Real Estate—Legacies.**—Where a will makes certain specific legacies and provides for their payment out of proceeds of real estate to be sold for that purpose, and under the law the duty rests upon the executor to carry out the provisions of the will, the power to sell and convey the real estate will be implied.

3. **Executors and Administrators—Qualification—Section 3888 Ky. Statutes.**—Under the provisions of section 3888 Kentucky Statutes, where only one of two nominated executors qualifies, he may do any and all things that the two might have done, had they both qualified.

4.  Executors and Administrators—Power to Sell and Convey Real
    Estate—Parties.—Where an executor has the power of sale and
    conveyance, the devisees in the will are not necessary parties to
    an action by him to specifically enforce an executory contract for
    the sale of the decedent's real estate.

R. W. HUNN for appellant.

E. L. McDONALD for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Affirming.

On the 29th of May, 1915, the Fidelity & Columbia
Trust Company as executor of Ruth Sevier Collins, de-
ceased, and the appellant, Pink Varble, entered into an
executory contract whereby the executor sold to appellant
two lots in Wilder Park near Louisville, and agreed to
convey same to him with a good and marketable title.

Appellant declined to accept the title offered to him,
and this is an action by the executor asking a specific
performance of the contract.

The questions raised all grow out of the following pro-
visions in the will of Ruth Sevier Collins, to-wit:

Sec. 2 provides—

"To my neice, Ruth Wilder LaMalta, I bequeath the
sum of $10,000.00 from sale of ground at W. Park."

Sec. 3 provides—

"To John S. Wiggin $5,000.00 from sale of land at W.
Park."

Sec. 8 provides—

"I wish Ruth Sevier White and Ruth Wilder Hill, both
of whom bear my name   *   *   *   to be paid the sum of
$500.00 from sale of ground at W. Park."

And in another section it is provided: "I make Fidel-
ity Trust Co., executor, S. M. Sevier to act with said Co."
The real estate thus referred to in the will consisted of
numerous lots owned by the testatrix in a sub-division in
the City of Louisville known as Wilder Park.

The first question made by appellant is that as there
is no express authority given to the executor to convey the
real estate, it cannot make him a good title.

It is true authority is not granted in the will, and
the question is whether from the nature of the duties
imposed upon the executor in the will or by law the author-
ity to sell and convey this real estate will be implied.

It will be observed that the specific legacies provided
for are directed to be realized from the sale of the lots

in Wilder Park; that is to say that the sale of the lots in Wilder Park is provided for in the will, but the express authority to make the sale and execute conveyance is not given to any one.

Under the law the duty rests upon the executor to see that the provisions of the will are carried out; it is his duty to raise the fund with which to satisfy these legacies, and it is his duty to raise it in the manner indicated in the will and from the property therein set apart for that purpose. It has frequently been held in this State and elsewhere, and seems to be a most reasonable and workable rule, that under such conditions the authority to sell and convey the dec┄dent's real estate will be, from necessity, implied.

In the case of Marrett v. Babb's Exor., 91 Ky., 88, in discussing the implied authority of an executor to sell and convey real estate where he was acting under a will which had not expressly given him that authority, it is said:

"The personal representative, whether he be administrator or executor, has no inherent authority over or title to it by virtue of his appointment merely. In case he be executor, such power or right does not exist, unless it be conferred by the will. To enable him to sell it, the power must either be expressly given or arise by implication. If the avails are to pass through his hands in the execution of his office, as for the payment of debts or legacies, then the power to sell will be implied. If the will directs a sale, but does not name the donee of the power, and the proceeds must, either by its provisions or by the rules of law, be distributed by the executor, then he, by necessary implication, is invested with the power of sale, unless some other intention upon the part of the testator be shown by his will. If this were not so, the executor could not execute his trust. The payment of debts and legacies is one of the functions of his office, and, therefore, if the will directs a sale of the real estate, either for the payment of debts or the payment of the proceeds to legatees, as the proceeds must pass through the hands of the executor, he is, by implication, vested with the power to sell, although not named as the donee of the power. If the management of the fund so to arise be confided to him, either by the will or by law, then he has the power of sale."

The rule stated above has been since followed in this State and applied in the following cases: Haggin v. Strauss' Trustee, 148 Ky., 140; Dunavent v. Radford's Admr., 140 Ky., 433; Evans v. Evans, 134 Ky., 637.

In the latter two cases it was held that an administrator with the will annexed had the same implied power of sale as a nominated executor.

But it is contended for appellant that as only one of the two executors nominated in the will qualified that the single executor did not have the power of sale; but it is sufficient answer to this to say that it is expressly provided in Sec. 3888 of the Kentucky Statutes that where only part of the executors named in a will undertake the execution of it, or if all or more than one undertake it, and part die, or vacate the office, the residue or survivor may sell and convey the land directed by the will to be sold.

The provision in the will that, "I make Fidelity Trust Co., executor, S. M. Sevier to act with the said company," can be given no other meaning than that the testratrix intended the two to act jointly as executors, and one of them having failed or refused to qualify, the other had the power under the statute to do any and all things that the two jointly might have done.

Lastly it is argued that the devisees under the will were necessary parties to this litigation. Manfestly this contention is unsound; if the executor had the power of sale and conveyance, as we have seen it had, they were certainly not necessary parties, for they could add nothing to the title which the executor has conveyed.

Judgment affirmed.