### Martin, et al. v. Buechel, et al.

(Decided February 3, 1920.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Executors and Administrators—Authority Conferred by Will.—A will which directs an executor to settle the estate in full and to invest a certain part of the proceeds in real estate and to divide the balance of the proceeds between certain named children, will vest the executor with power to sell and convey the real estate belonging to the testator though no specific mention is made in the will of the conveyance of real property.

2. Executors and Administrators—Intention of Testator.—Where from the whole testamentary paper it reasonably appears that the testator intended his executor to have power to convert his real estate into cash, the presumption will be indulged that the executor has power to sell and convey such real estate, and his deed properly executed will convey the interest of the testator in such real estate.

3.  Executors and Administrators—Words and Phrases.—The word "proceeds," when used in connection with the winding up of an estate, means the results of a sale—the gross amount realized from a sale of property.

DAVIS W. EDWARDS and JOHNSON, HEIATT & SCHEIRICH for appellants.

J. S. LUSCHER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was commenced by the executor and heirs of Isaac N. Covert against G. R. Martin, et al., to enforce specific performance of a written contract whereby the executor sold and agreed to convey certain lands belonging to the estate of decedent to G. R. Martin, et al., and Martin, et al., while apparently willing to accept the property if the executor has power to pass title, is defending upon the ground that the testamentary paper under which the executor presumes to act is insufficient to vest him with power to sell and convey the real estate of his intestate. The chancellor construed the will and decreed a specific performance of the contract, and from this judgment the purchasers, Martin, et al., appeal.

The question presented is: Did the executor named in the will of Isaac N. Covert, deceased, have authority and power under the terms of the testamentary paper to sell and convey the real estate of decedent? The will presented for construction reads as follows:

"I, Isaac N. Covert, being of sound and disposing memory, and realizing the uncertainty of life, do hereby make this writing my last will and testament.

"1st. I wish all my just debts to be paid.

"2nd. I hereby will and bequeath to my wife, Elizabeth Covert all that I may be possessed of at my death, to be hers during life, with remainder to children, provided that the money I may have in bank is to remain there, the interest of same to be for the use of Elizabeth Covert, my wife.

"3rd. I wish, at the death of my wife, that all business pertaining to the estate be settled in full, and proceeds be divided between my children, Brice Covert, Ollie Covert and Susan Hornbeck, share and share alike.

"4th. I wish the part that may be allotted to Susan Hornbeck to be placed in real estate to be the property of her and her children, and not under the control of any

husband she may have. This to be attended to by the executor of this will.

"5th. I wish my son, William, to have charge of, and manage the farm during the life time of my wife, any contract she may make with him to be accepted by the other heirs; as far as regards the income from the farm; the best of care to be taken of the farm, as I have always done.

"6th. I hereby will that my son Brice Covert, be appointed executor of this will, and to be allowed to serve without bond.

"Believing that the will explains the wishes I entertain, and hoping I have treated each and every one of family impartially, and to the best of my ability, I hereby affix my signature, this 5th day of March, 1907.

"ISAAC COVERT."

The only part of this will with which we are now concerned are the third and fourth paragraphs, under which the executor claims the right and power to sell and convey the lands owned by Covert, but which right is disputed by appellants. The third paragraph, when considered with respect to the power conferred by the testator upon the executor, may be read as follows: "I wish . . . that all business pertaining to the estate be settled in full and the proceeds be divided between my children . . . share and share alike." The testator was engaged in no business except conducting a small farm in a very humble way. He lived in a log cabin and owned very little personal property, although he had some money on deposit in a bank, representing the scant savings of a lifetime. It, therefore, follows that the only business of the estate which he desired settled was the estate itself. This was to be done "in full and the *proceeds* divided between my children." This court in the case of Harman, et al. v. Arvitt, 72 S. W. 751, defines the word "proceeds," when used in connection with the winding up of an estate, to mean the results of a sale of property, or "the gross amount realized from a sale of property." Bouvier defines "proceeds" as money or articles of value arising or obtained from the sale of property. The sum, amount, or value of goods sold or converted into money." There could not have been a full settlement of the estate of Covert and the proceeds divided without a sale of the land now in question, and without such sale there would have been no proceeds to

divide. The tract was small and hardly susceptible of division into three parts, so that the testator must have had in mind and intended a sale of his property, including his real estate, and a settlement of his estate in full, and a division of the entire proceeds into three parts "share and share alike."

This is further substantiated by section 4, of the will, which may be read as follows:

"I wish the part that may be allotted to Susan Hornbeck be placed in real estate. . . . This to be attended to by the executor of this will."

He named his oldest son executor. Undoubtedly the testator did not use the word "allotted" in its technical sense but as synonymous with the word "given," and he did not intend by the expression "allotted to Susan Hornbeck," to have a division in kind of his property so that his daughter Susan might be allotted a share in kind but only that the one-third of the estate which she was to have should be placed in real estate. From the fourth paragraph it is clear that the testator intended that the entire third of his estate which his daughter Susan was to receive was to be placed in real estate by his executor named in the will. It could not have invested in real estate without first converting it into cash or its equivalent proceeds.

Where a testamentary paper names an executor and directs him to do certain things in connection with the estate from which it may be reasonably inferred the testator intended a sale of the real estate, as where the executor is directed to apply or invest the proceeds of a sale of the land without directing him to sell it, or other words or expressions clearly indicating the intention of the testator to convert the real estate into cash, the executor by implication has authority to sell the real estate and use the proceeds as directed by the testator. In every such case the intention of the testator must govern. No set form of words is required to confer upon an executor authority to sell and dispose of real estate, but if, when the will is read as a whole, it is manifest that the testator intended the executor named to have power to sell and dispose of the land, even though it be not expressed in so many words, such authority will be implied, and a sale had in conformity to the testamentary paper will be upheld. As said in Varble v. Collins, Exs., 168 Ky. 247, it is a reasonable and workable rule, and fre-

quently adhered to in this and other states that where the duty rests upon the executor to see that the provisions of the will are carried out and to raise funds with which to satisfy legacies from real property therein set apart, the authority to sell and convey the decedent's real estate will be, from necessity, implied. In the same case it is said, "If the avails are to pass through his (executor) hands in the execution of his office, as for the payment of debts or legacies, then the power to sell will be implied. If the will directs a sale, but does not name the donee of the power, the proceeds must, either by its provisions or by the rules of law, be distributed by the executor, then he, by necessary implication, is invested with the power of sale, unless some other intention upon the part of the testator be shown by his will. If this were not so, the executor could not execute his trust. The payment of debts and legacies is one of the functions of his office, and, therefore, if the will directs a sale of the real estate, either for the payment of debts or the payment of proceeds to legatees as the proceeds must pass through the hands of the executor, he is, by implication, vested with the power to sell, although not named as the donee of the power."

While the will is quite indefinite and not altogether satisfactory, we are convinced that the intention of the testator as gathered from the entire instrument was to leave his property to his wife for her life and at her death to be sold and the proceeds divided between the children, that part of the daughter's to be invested in real estate, to be her property and that of her children, free from the control of the husband of the daughter, "all this to be attended to by the executor of this will." When so construed the will confers upon the executor full power and authority to sell and convey all the real estate of decedent, and to invest the vendee with all the title of Covert, and it was the duty of appellants, G. R. Martin, et al., to have received the deed tendered by appellees and have paid the money and executed the notes according to the written contract attached to the petition.

The chancellor having held the executor under the will had power to convey the real estate of decedent, and decreed a specific enforcement of the contract of sale, the judgment is affirmed.

Judgment affirmed.