## Allen et al. v. Riedling.

May 14, 1940.

B. H. Farnsley, Judge.

Richard Priest Dietzman and Ernest Fulton for appellants.

M. Joseph Schmitt for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Ora Scott Money died testate in Spencer county in December, 1937. The appellants, who were the heirs, beneficiaries and executors of Mrs. Money, entered into a contract with the appellee in February, 1938, under which they agreed to sell him a tract of real estate owned by the decedent. The contract provided that the real estate was to be conveyed by good and sufficient deed of general warranty of title, free from all liens and

encumbrances upon the payment of the purchase price. Riedling made a deposit of 10 per cent. of the purchase price of approximately $21,500 with the real estate agent who handled the sale for the appellants. However, he refused to carry out the contract, even though the appellants had tendered him a deed from the heirs and beneficiaries of the decedent and an additional deed signed by the executors, and also an indemnifying bond signed by the executors and two sureties. The property was sold again early in April, 1938, and at that sale it brought approximately $15,000. Later in April Riedling brought suit against the real estate agent who handled the first sale to collect his 10 per cent. deposit. We will confine ourselves to the pleadings and questions concerning the appellants, since those relating to the real estate agent are not involved in this appeal.

The appellants filed an intervening petition and counterclaim to recover from Riedling some $4,500 representing the net difference between the price brought by the property at the first sale and at the second sale. In an amendment to their petition the intervenors set forth that they had tendered the two deeds and the indemnifying bond to Riedling. The trial court overruled a demurrer to the intervening petition as amended, but later set aside that order and sustained the demurrer. The appellants declined to plead further and their petition was dismissed. This appeal is being prosecuted from that judgment.

Reversal is urged upon the grounds that (1) Riedling was not relieved from taking the deed tendered, because of the tender of an indemnifying bond admittedly good; and (2) the executors of the decedent had an implied power of sale under the will, and hence the deed tendered by them was good.

Since this case involves Section 2087 of the Statutes, we quote it herein:

"When the heir or devisee shall alien, before suit brought, the estate descended or revised, he shall be liable for the value thereof, with legal interest from the time of alienation, to the creditors of the descendent or testator; but the estate so alienated shall not be liable to the creditors in the hands of a bona fide purchaser for valuable consideration, unless action is instituted within twelve months

after the estate is devised or descended to subject the same.''

Prior to 1936 the statute in question provided for a six months' period rather than twelve months during which the real estate of the decedent would be saved for the security of his creditors.

The appellants cite the cases of Cates v. Pentecost, 241 Ky. 310, 43 S. W. (2d) 1004, and Bean v. Brown, 202 Ky. 215, 259 S. W. 47, in support of their first contention. In the Cates case an heir executed a mortgage on land descending from a decedent within six months from his ancestor's death. After the six months' period had expired a creditor of the ancestor filed an action to subject the land to the satisfaction of his claim. After pointing out that the statute did not prohibit the sale of real estate it was said in the Cates case [241 Ky. 310, 43 S. W. (2d) 1005]:

"The statute saves for six months the real estate left by a decedent for the security of his creditors, during which period the creditors may secure liens on any and all land left by the decedent by instituting an action to subject it. [Citing authorities.]

"But, if no such suit is filed within six months, the land sold is not liable, in the hands of a bona fide purchaser for a valuable consideration, to be subjected to the payment of the ancestor's debts. Such is the very language of the statute. [Citing case.]''

The mortgage given by the heir in the Cates case was given priority, since the creditor's action was not filed within the period prescribed. In the case before us there remained approximately ten months after the date of the sale to Riedling in which a creditor might have filed an action under the statute, supra.

It is insisted that there were no claims against the estate of Mrs. Money, but the record does not show this, and, furthermore, an unknown creditor could have filed an action under the statute anytime during the remainder of the twelve months' period. As pointed out in the case of Robertson v. Hines, 154 Ky. 364, 157 S. W. 704, had Riedling carried out his contract he would have stepped into the shoes of the heirs and beneficiaries,

and had any creditor filed an action during the remainder of the twelve months' period, he would have been called upon to meet that situation.

The Bean case is cited in support of the contention that it is the duty of a purchaser of real estate when a deed is tendered to him to point out any defect in the title to which he objects and to give the seller an opportunity to correct the same if he can within a reasonable time. In that case there was a mortgage on a part of the property covered in the sale, and other questions concerning the title were raised. As to the lien it was pointed out that the existence of an unreleased lien, which could be satisfied out of the purchase price, is no defense to an action for specific performance of a contract of sale. The other questions were appropriately disposed of in favor of the seller. In the case before us there was no mortgage of record, but rather there remained approximately ten months of the twelve months' period in which a creditor could have brought an action to assert his claim against the real estate of the decedent. There is a material distinction between the case before us and the Bean case. As said in the case of United Cooperative Realty Co. v. Hawkins, 269 Ky. 563, 108 S. W. (2d) 507, a purchaser is not required to accept a lawsuit.

Nor do we think that the execution of the indemnifying bond alters the case. As noted, this was a personal bond. Many things might have happened within the ten months' period affecting the solvency of its makers, admitting that the bond was good when made. Aside from this, in the event of an action by a creditor, Riedling would have been called upon to defend his title. This would have involved elements such as loss of time and worry, without the scope of the indemnifying bond. It may be said also in passing that the tendering of the indemnifying bond was an admission on the part of the appellants that there was at least a technical cloud on the title of the property in question.

We turn now to the appellants' second contention. The fourth provision of Mrs. Money's will is as follows:

"Item 4. After the bequests provided for in items two and two ½ and 3 herein above provided for have been paid then direct that all the residue and remainder of my estate real, personal and mixed be

divided share and share alike between my 6 children namely Eoline Allen, Arle Money, Elizabeth Wilson, Brunette Coslow, Eugenia Pope and Thomas Edward Money.''

It is insisted that the wording ''then direct that all the residue and remainder of my estate real, personal and mixed be divided share and share alike,'' constitutes an implied power to the executors to sell the real estate. Counsel for appellants in their brief state that Mrs. Money clearly intended and understood that her farm would have to be sold to pay certain bequests to her two sons, as well as to meet certain debts, because her personal estate was barely sufficient to pay the funeral bills and the debts, but the record is silent as to the amount of the personal estate. An examination of the cases of Varble v. Collins' Ex'r, 168 Ky. 247, 181 S. W. 1115, Ann. Cas. 1916D, 448; Martin v. Buechel, 186 Ky. 786, 218 S. W. 278; and Headley v. Headley, 226 Ky. 483, 11 S. W. (2d) 123, cited by the appellants and which involve an implied power to sell real estate, reveal circumstances materially different from those in the case before us. In the case of Walker's Trustee v. Walker, 196 Ky. 346, 244 S. W. 772, 773, the will contained this language: ''At the death of Mary an equal divide of the balance, if any. * * * Whatever is left to be equally divided each brother and sister one share.'' In holding that no power of sale existed in that case it was pointed out that the law favors the division of property in kind rather than a sale followed by the division of the proceeds. It is to be noted that the language in the will involved in the Walker case is similar to that in Mrs. Money's will. We are clearly of the opinion that the will should not be construed as giving the executors an implied power to sell real estate.

It follows, therefore, that the judgment should be and it is affirmed.

Judge Fulton not sitting.