## Eubank's Adm'r v. Strode.

Sept. 28, 1943.

L. O. Thompson for appellant.

King Swope for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

By the first four clauses of the will of Mrs. Laura Eubank she directed the payment of her debts and funeral expenses and bequeathed certain articles of personal property. By the fifth clause she made a specific bequest of $525.

The sixth and seventh clauses were as follows:

"6. I will, bequeath and devise the remainder of my estate real, personal, and mixed and wheresoever

situated which I may own or have the right to dispose of at the time of my death, to my three brothers, Huston Jones, Tilden Jones and John H. Jones, each to take one-third thereof; provided, however, the share which is devised to John H. Jones, is to be his for and during his natural life and at his death to go to Mayme Vance Ballard, and be hers in fee simple.

"7. I nominate and appoint Mayme Vance Ballard Executrix of this my last will and testament, hereby giving her full power and authority to sell and dispose of all property, real, and personal, and make proper deeds and conveyances of the same; and to carry out the provisions of this will. I request the Court to allow her to qualify without surety on her bond as executrix."

There was sufficient personal estate to pay the debts, funeral expenses and the specific bequest.

The administrator with the will annexed entered into a contract with the appellee, Mrs. Irene B. Strode, for the purchase and sale of a house and lot owned by the testatrix. Mrs. Strode was, and is, willing to carry out her contract, but, being doubtful of the authority of the personal representative to sell and convey the property, refused to accept the deed and pay the purchase money, whereupon this action was filed for a declaration of rights.

The chancellor was of the opinion that by the sixth clause there was a specific devise of the real estate, each of the residuary devisees being vested with a one-third interest therein, and that there was no intention on the part of the testatrix that the real estate should be sold and the proceeds divided. Accordingly, he adjudged that there was no necessity for a sale to carry out the provisions of the will, there being ample personal estate to pay specific bequests, and that the personal representative had no power to make the sale.

Were the chancellor correct in his conclusion that it was not the testatrix' intention that the real estate should be sold and the proceeds divided, then, obviously, the judgment was correct. It seems to us, however, that the sixth clause was not intended by the testatrix as a specific devise of a one-third interest in the real estate to each of the three devisees but that, on the contrary, she

contemplated a sale of the real estate and division of the proceeds among the devisees. By combining both real and personal estate in the residuary devise and providing that the share of one of the devisees was to be for his life with remainder over, we think the testatrix evidenced her intention to place the real estate in the same category with personal estate, that it should be sold and the proceeds divided; then the share of John H. Jones in the combined proceeds of real and personal estate was to be his for life, with remainder over.

By bequeathing only a life interest in the personal estate to one of the three residuary devisees the testatrix created a trust in order to preserve the corpus of this share of the personalty for the remainderman. It seems to us that the trust created was also intended by the testatrix to include the proceeds of the real estate when sold.

While the testatrix' intention in this particular is somewhat uncertain, we feel that when the whole will is considered it evidences her intention that there should be a sale of the real estate and division of the proceeds. In view of this conclusion, obviously the personal representative had power to sell the real estate under the broad power of sale conferred by the will.

Judgment reversed with directions to enter a judgment in conformity with this opinion.

Whole Court sitting.