# Evans v. Smith et al.

October 4, 1946.

James C. Lyne for appellant.

T. A. Noe, Jr. for appellees.

Opinion of the Court by Stanley, Commissioner— Reversing.

The question is whether a sale of real estate should be conducted by the master commissioner of the court or the executor of a will.

Mrs. Blanche Polk Smith left an estate of approximately $73,000, consisting of cash and securities, a small amount of tangible personalty and a house and lot in Adairville, worth about $5,000. Her will reads: "It is my desire and wish that all my property, real and personal, be divided between" the heirs of her sister and brother as thereafter provided. One-half of the estate, less $100, was bequeathed to her nephew, T. Polk Smith. The other half was bequeathed to and directed "to be divided equally" among the seven children of her brother. She named T. Polk Smith and Leslie Evans as executors. Evans alone qualified as Smith was a nonresident of the state.

In this suit, filed by the executor for a construction of the will and declaration of rights, the identity of the beneficiaries and their respective shares were adjudged. Evidence was heard to the effect that it would be impossible to divide the estate in kind and that it was necessary to sell the real and personal property for division of the proceeds among the devisees. The indivisibility of the town property was likewise established. It was adjudged that the terms of the will could not be carried out except by the sale of the house and lot, but that the executor was not given authority to conduct the sale either specifically or by implication, a right which he had asserted. The master commissioner was directed to make the sale upon the usual terms of judicial sales. The executor was declared to have the power to sell the securities, and was directed to liquidate the estate and make settlement.

No defense was made in the trial court; nor have the devisees, as appellees, offered any opposition in this court to the claim of the executor, as appellant, that the judgment is erroneous in the particular that it denies him the right to sell the house and lot.

Since no set form of words is required to confer upon an executor the authority to sell property of the estate, if the will, when read as a whole, manifests an intention that he should have the power, the will is construed as granting it by implication. Martin v. Buechel, 186 Ky. 786, 218 S. W. 278; Walker's Trustee v. Walker, 196 Ky. 346, 244 S. W. 772; Eubank's Administrator v. Strode, 295 Ky. 289, 174 S. W. 2d 414. As in other respects, there is often difficulty in discerning the inten-

tion. If it is necessary or required that it be sold in order to pay debts or to effectuate the intention as to the disposition of the property, an implication of duty and power of sale in the executor is declared by the courts. Marrett v. Babb's Executor, 91 Ky. 88, 15 S. W. 4; Varble v. Collins' Executor, 168 Ky. 247, 181 S. W. 1115, Ann. Cas. 1916D, 448; Kratz v. Slaughter's Executors, 185 Ky. 256, 214 S. W. 878; Buckner v. Buckner, 185 Ky. 540, 215 S. W. 420.

There is a decided conflict in the authorities generally as to the implication of power where the will merely directs that the estate be divided among the beneficiaries. Annotations, 134 A. L. R. 387. The value and character of an estate, the number of beneficiaries and their respective shares are among the factors to be considered in the matter of adjudging a necessity. It seems to us that although such power and action may be desirable, yet if the will uses the term "divide", or like language, merely to denote the shares of the beneficiaries and the division or distribution may be affected by actual partition of the whole estate, the weight of the rule favoring distribution in kind, especially of real property, should overcome any implication and the will should be construed as not conferring the power of sale. Walker's Trustee v. Walker, 196 Ky. 346, 244 S. W. 772; Poulter v. Poulter, 193 Ill. 641, 61 N. E. 1056; Murdock v. Kelly, 62 App. Div. 562, 72 N. Y. S. 152, Annotations, 134 A. L. R. 382; Allen v. Reidling, 283 Ky. 90, 140 S. W. 2d 833. It is different if the will directs a sale for division, even though it does not designate anyone to make the sale. In such a case, the power is deemed to be in the executor or in the administrator with will annexed. Evans v. Evans, 134 Ky. 637, 121 S. W. 619; Haggin v. Straus, 148 Ky. 140, 146 S. W. 391, 50 L. R. A., N. S., 642.

It is doubtful if this will standing alone should be regarded as authorizing a sale of the property by anyone. We have quite a large estate, one-half of which is devised to one person and the other half to seven. If no allotment or adjustment could be made whereby one devisee could take the real estate as a part of his share, then title would vest in all of them as tenants in common. But we are here confronted with a judgment giving a construction of the will that a sale of this property is necessary in order to effectuate the testator's intention,

and no one concerned questions that construction. The case was not presented as one where joint owners seek a sale because of indivisibility. It was only a suit to construe. Therefore, for the purpose of determining the particular question before us in the light of the judgment, we must read the will as if it expressly provided that this real estate should be sold for the purpose of dividing the proceeds among the beneficiaries. Thus reading it, we must hold that executor has that power by force of the necessary implication. Cf. Christian Widows & Orphans Home v. Harber, 113 S. W. 818; Haggin v. Straus, supra.

The judgment is accordingly reversed.