## Whisman et al. v. Roberts' Ex'r et al.

January 27, 1948.

J. Wirt Turner, Judge.

William H. Hays for appellants.

Thad Cheatham for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The principal question involved on this appeal is whether the appellee, Lawrence Roberts, executor under the will of his deceased father, Milton Roberts, had power to sell real estate left by him.

The will follows:

"Last will of Milton Roberts—dated at Shelbyville, Ky. this the 5th day of July, 1933.

"Witnesseth. It is my will that at my death my just debts shall be paid first then that my wife—Ollie Roberts shall receive during her natural life all of my

property both real and personal—that at her death before any other settlement is made that my daughter—Nancy shall receive the sum of $500.00 which was advanced by her to me in cash. After that has been paid it is my will that each of my children, Arthur; Lawrence; Nancy; German and Everett—shall share alike in the distribution, provided however that Nancy shall act as custodian of German's part and that Lawrence shall act as custodian for Arthur.

"Provided further that at the death of German and Arthur, their natural heirs shall inherit their part.

"Roberts.

"It is my will also that Lawrence shall act as administrator without bond.

"Signed     Milton Roberts

"Witness:

"T. D. Williams

"Dave Deakins"

The testator died approximately six months after he made his will, leaving a personal estate of some $300.00. Mrs. Roberts died in 1941, and since that date the administrator has had charge of the farm which consisted of approximately 68 acres. The land was sold at public auction for $12,100.00, and this proceeding was brought under the Declaratory Judgment Act to ascertain whether the deed executed by Lawrence Roberts as executor and the other heirs of the testator conveyed a good title to the real estate to the purchaser. The appeal is from a judgment upholding the deed. We think this ruling was correct.

We have noted that the testator died shortly after making his will leaving a personal estate of only $300.00. It is significant also that the will directed that one child was to receive the sum of $500.00 which she had advanced to her father "before any other settlement is made." Furthermore, the will provided that each child should "share alike in the distribution." Obviously, the testator knew that his estate consisted principally of the small farm and also that it was very unlikely that it could be divided equitably into five parts without materially impairing its value. It is true that

no express power was given the executor to sell the real estate, but we think the wording of the will as a whole, construed in the light of the circumstances under which it was executed, warrants the conclusion that the executor was given an implied power to sell.

The case of Martin v. Buechel, 186 Ky. 786, 218 S. W. 278, involved facts and circumstances somewhat similar to those in the case at bar, and it was held that the executor was given an implied power to sell the testator's real estate. In that case the testator operated only a small farm. He directed that after the death of his wife ''all business pertaining to the estate be settled in full'' and the proceeds divided equally among his three children. In the recent case of Evans v. Smith, 302 Ky. 871, 196 S. W. 2d 737, it was pointed out that if it is necessary or required that real estate be sold to pay debts or to effectuate the intention as to the disposition of the property, an implication of duty and power of sale in the executor is declared by the courts. An examination of the cases of Walker's Trustee v. Walker, 196 Ky. 346, 244 S. W. 772, and Allen v. Riedling, 283 Ky. 90, 140 S. W. 2d 833, wherein it was held that the executor did not have power to sell real estate, will show that the provisions of the wills involved and the circumstances surrounding their execution were dissimilar to those involved in the case at bar.

Judgment affirmed.