# Sweeney's Ex'r v. Anderson et al.

June 8, 1948.

C. E. Rankin for appellant.

W. H. Phillips for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

This is a declaratory judgment action brought by the devisees under the will of Mrs. Lizzie R. Sweeney against her executor, J. E. Brown, wherein the court is asked to construe the will, to declare the rights of the parties and to determine whether or not the executor has implied power under the will to sell and convey the real estate of his decedent.

All three of the beneficiaries, one of whom is an infant suing by his next friend, want the real estate sold and the proceeds divided. The executor, being in doubt

as to his authority to sell under the will, refused to do so unless directed by the court.

The chancellor held that the real estate was not susceptible of division and in order to carry out the intention of the testatrix that the property be equally divided among the three devisees, who reside in a foreign state, it is necessary that the house and lot be sold, therefore the will by implication authorized the executor to sell it. The executor appeals.

Mrs. Sweeney was a widow, who resided in a modest one-family cottage on a small lot in Harrodsburg. She executed her will on June 6, 1946, which was evidently written by a layman. The record shows that at the time she executed the paper she owned no real estate and all of her estate was in personal property. Several months after making her will she acquired this cottage, which the record shows is worth approximately $4500. The petition itemizes her personal estate at $8960.61, all of which appears to be in high grade securities, except $260.61 cash and household goods of the approximate value of $500. She left no debts except the expense of her last illness and funeral, not exceeding $1000.

After providing for the payment of her debts, funeral expenses and naming an executor, the will of Mrs. Sweeney reads:

"I hereby give, devise and bequeath all of my property both real and personal to my two nieces, Mary Dudley Anderson and Katherine R. Coleman and my nephew (Great) John D. Jackson to be equally divided between the three. Should Mary Dudley Anderson not survive me then I direct that her share of my estate as above set out go to my great nephew John D. Jackson.

"I direct that such articles of my personal property that my nieces and nephew may want that they be equally divided between them as they may agree and the remainder to be sold and the proceeds equally divided."

The rule seems to be that where the will does not confer upon the executor the authority to sell the property of the estate but does direct him to take certain action from which it may be reasonably inferred that

the testator manifested an intention that the executor should have the power of sale, the will is construed as granting such power by implication. Martin v. Buechel, 186 Ky. 786, 218 S. W. 278; Walker's Trustee v. Walker, 196 Ky. 346, 244 S. W. 772; Evans v. Smith, 302 Ky. 871, 196 S. W. 2d 737.

The difficulty in such cases is discovering the true intention of the testator. Where it is necessary to sell property for the payment of decedent's debts or to carry out testator's intention as to the division of the estate, courts usually hold there is an implied power of sale given the executor by the testamentary paper. But the authorities are not in accord as to the power being implied where the will only directs a division of the estate among the beneficiaries. In such instances the phraseology of the entire will together with the number of devisees, their respective shares, the value and character of the estate all must be taken into consideration in determining whether the paper implies a power of sale in the personal representative. See Annotations 134 A. L. R. 387.

The law favors division in kind, especially as to real estate, and where the word "divide" or like words are used in a will merely to denote the share of the devisees and an actual division of the whole estate may be made, the paper will be construed as not granting an implied power of sale. Walker's Trustee v. Walker, 196 Ky. 346, 244 S. W. 772; Evans v. Smith, 302 Ky. 871, 196 S. W. 2d 737.

Let us now apply the above law to the will before us. Testatrix owned no real estate when she executed her will. Consequently, when she wrote that the estate "be equally divided between the three," and after providing that the nieces and nephew divide her personal property equally among themselves as they may agree, "the remainder to be sold and the proceeds equally divided," it is patent she intended for her executor to reduce the estate to cash and then divide it as the will directed. Furthermore, the two nieces lived in a distant state and the nephew was an infant, and after acquiring this little home testatrix must have realized that none of her devisees would occupy it; also, she knew this modest home was indivisible. Since she had directed her

estate to be divided equally among the beneficiaries and had directed a sale of all personal property which they might not agree upon in the division, it is evident that her intention was that this indivisible real estate should be sold along with her personal property and the proceeds divided among the three beneficiaries, else she would have changed her will.

This case is clearly distinguishable from the Walker case, 196 Ky. 346, 244 S. W. 772, and Allen v. Riedling, 283 Ky. 90, 140 S. W. 2d 833, in which appellant places so much reliance. In the Walker estate there were 70 acres in the corporate limits of the city of Richmond, Ky., also, decedent's home place of some eight acres was situated in a good residential part of that city. The whole tenor of the Walker will shows a desire by testator to protect the beneficiaries and to supply them with a living rather than money. It provides (196 Ky. 346, 244 S. W. 773) "at the death of Mary (the mother) an equal divide of the balance, if any." It was correctly said in the opinion that the will implied no power of sale in the executor; that the real estate could and should be cut into town lots and divided among the six beneficiaries, which would carry out the intent of the testator. The Allen case recited that all the residue of the estate (283 Ky. 90, 140 S. W. 2d 835) "be divided share and share alike" and we held that such language contained no implied power to the executor to sell the real estate, largely basing our opinion on the Walker case.

The judgment is affirmed.